[Sac. No. 4080. Department Two.—February 15, 1929.]

RUTH V. LEAL, Respondent, v. EDWARD L. LEAL,
Appellant.

Ray Manwell, F. W. Sawyer and Sawyer & Sawyer,
for Appellant.

E. S. Norby and Warren Steel for Respondent.

SHENK, J.—In this action for divorce the plaintiff was
granted an interlocutory decree on the ground of extreme
cruelty. She was also awarded the custody of a minor
son, born in August, 1923, with the right of the defendant
to visit the child at all reasonable times and to have the
custody of said child for a period of one month each year.
The plaintiff was granted an allowance of forty dollars
per month for the maintenance, support and education of

the child. The community property of the spouses was also set apart to her. The defendant appeals from the interlocutory decree.

It is urged as grounds for reversal that the evidence is insufficient to support the findings and that the court erred in its rulings as to the admissibility of certain evidence. The record is presented under the so-called alternative method. Before the cause was placed on the calendar the defendant had not· complied with the requirements of section 953c of the Code of Civil Procedure and rule VIII governing the practice and procedure in this court. When the cause was called for submission permission was granted to the defendant to supply the deficiency by the filing of a supplement to his opening brief.

It is conceded by the defendant that the evidence was in conflict. From an examination of the record it appears that there is sufficient corroboration of the testimony of the plaintiff to entitle her to a divorce. Likewise from the record it cannot be said that the court abused its discretion in awarding the custody of the minor child to the plaintiff. The contention of the defendant in this regard is that the plaintiff was shown to be an unfit and improper person to have the custody of her offspring. In this connection the defendant attempted to prove that the plaintiff was guilty of improper conduct with her cousin, one Howard Wilson, and that another cousin of the plaintiff and the wife of the latter cousin were engaged in the business of conducting a disreputable house in the city of Sacramento. The court went fully into the question of the alleged conduct of the plaintiff with her cousin Wilson, but excluded the testimony with reference to the character of the business of the other cousin, and we think rightly so. At the time of the trial the plaintiff was living at Challenge, in Yuba County. It was not shown, nor was it attempted to be shown, that the child was caused to be in association with the cousin whose business was sought to be questioned, or with his wife, or that the plaintiff was a frequenter of said alleged disreputable place of business. No other alleged errors are worthy of mention.

A month or thereabouts after this cause was called for submission the defendant filed an application for

leave to produce further evidence in this court with reference to the character and fitness of the plaintiff to have the custody of the minor child. The application is made because of the provisions of section 956a of the Code of Civil Procedure (Stats. 1927, p. 583), and of rule XXXVIII of this court adopted in pursuance thereof. It is apparently the contention of the defendant that, under the powers now vested in this court on appeal, the cause may be tried *de novo* on the application of a party as matter of right. But such is not the case. The power granted to the court is to authorize the taking of additional evidence when, in the discretion of the court and in the interest of justice, the record presented should be supplemented. Necessarily a proper showing must be made by the applicant, and no sufficient showing is presented.

The application to present further evidence is denied and the judgment is affirmed.

Langdon, J., and Richards, J., concurred.