[I. A. No. 9733. In Bank.—April 23, 1929.]

In the Matter of the Estate of GARY WIRT, Deceased. HIRAM LODGE No. 18, FREE AND ACCEPTED MASONS OF DELAWARE, OHIO, et al., Appellants, v. CHARLES H. COX et al., Respondents.

Harry K. Sargent for Appellants.

Ford, Johnson & Bourquin for Respondents.

RICHARDS, J.—This appeal is from an order or decree of distribution of the estate of Gary Wirt, deceased, who died on or about November 6, 1924, at Long Beach, California, leaving a last will and testament wherein, after providing for the payment of his just debts and liabilities, he devised the residue of his estate to a trustee who is directed to hold, control, invest and re-invest the same, supplying the income and such portion of the principal thereof as might be necessary for the support and maintenance of his brother, Sam V. Wirt, during the term of his natural life, and further providing that upon the death of his said brother all the residue of his estate should be equally divided between Hiram Lodge No. 18, F. & A. M. of Delaware, Ohio, and Jackson Lodge No. 146, F. & A. M. of Seymour, Indiana, share and share alike, which lodges were each to place its share of the residue of his estate in a special fund, "to be known as the Gary Wirt Fund, and only the income of said fund shall be used for current expenses" of each of said lodges. Said will was duly admitted to probate and the administration thereof proceeded up to the time for final distribution thereof, whereupon each of said Masonic lodges presented and filed a petition for distribution to them of the residue of said estate in accordance with the terms of the will. The heirs at law of said decedent appeared and filed their contest and objection to such distribution, alleging as the sole ground of such contest "that the bequest in the will of said deceased was and is void under the provisions of article XX, section 9 of the Constitution of the state of California"; wherefore they prayed for the distribution of the entire residue of the estate. The matter of this contest came on for hearing before the trial court and upon such hearing it was decided by the court "that the bequest in

said will to Hiram Lodge No. 18, F. & A. M. of Delaware, Ohio, and Jackson Lodge No. 146, F. & A. M. of Seymour, Indiana, was and is void under the provisions of article XX, section 9 of the Constitution of the state of California." Thereupon the court made its order and decree for the distribution of the residue of said estate to the heirs at law of said deceased. The Masonic lodges in question have taken and are now prosecuting their appeal from said order of the court.

Section 9 of article XX of the state constitution provides that "No perpetuities shall be allowed except for eleemosynary purposes." The term "eleemosynary" as used in the foregoing provision has been held to be synonymous with "charitable" as the latter word is used and understood in treatises and decisions upon the subject of trusts. (*Estate of Sutro*, 155 Cal. 727 [102 Pac. 920].) ▮ It is not confined to almsgiving or charity shown exclusively to the poor, but includes all charitable purposes, such as schools, asylums, hospitals and religious institutions. (*People* v. *Cogswell*, 113 Cal. 129 [35 L. R. A. 269, 45 Pac. 270].) Upon the hearing of this matter in the trial court the appellants insisted upon an interpretation of the will of the testator to the effect that it was his intention as expressed therein that the bequest to these Masonic lodges was to be absolute and that no trust in perpetuity was intended to be created thereby. It was at the outset apparently conceded by them that if a trust in perpetuity was intended to be thus created, the devotion of the income of the subject matter of said trust to the payment of the "current expenses" of these lodges was not a charitable or eleemosynary purpose. This concession, however, was subsequently and during the hearing of the matter in this court expressly withdrawn. From the record herein and from the briefs and argument of counsel upon this appeal it appears that at the conclusion of the hearing in the trial court the question as to the proper interpretation of said will and as to whether or not a perpetuity such as would be void under the foregoing provisions in the state constitution was submitted for decision to the trial court upon briefs of counsel thereafter to be filed, and that in the briefs of counsel for the appellants the trial court was requested, in the event it should make its finding against the contention of these residuary legatees

thus far made, it would permit them to offer further proof upon the question as to whether, in fact, these two Masonic lodges, as to their main purposes, were eleemosynary in character, and as to whether the matter of the application of the income to be derived from the residue of said estate to "current expenses" was incidental to the main object of these organizations, and hence was in the nature of a charitable bequest. The trial court in deciding that these two bequests were void under the foregoing provision of the state constitution ignored the foregoing request. Upon the final presentation of this matter upon appeal to this court counsel for the appellants presented an application purporting to be made under the provisions of section 956a of the Code of Civil Procedure (as added by Stats. 1927, p. 583) for leave to produce evidence before this court that said Masonic lodges were, in fact, charitable or eleemosynary institutions within the intent and meaning of the exception contained in the foregoing section of the state constitution. Said application was supported by certain affidavits, and the question of the propriety of granting the same, or what order it would be appropriate to make in the premises, was presented to the court upon final argument upon the merits of this appeal. In the course of the argument the following colloquy occurred:

"Mr. Justice Richards. What do you say as to the appellants' position to the effect that when this matter was submitted on briefs in the trial court, he made the request in his brief, if the court should determine that the question as to whether these legacies were eleemosynary was a question of fact, that he be permitted to introduce evidence upon that subject, which request, apparently, the court ignored. Counsel comes here and renews that request?

"Mr. Ford. (Of counsel for Respondents.) Answering you honestly, if I were one of the members of the court I would be inclined to grant counsel's request.

"Mr. Justice Richards. You have no objection to this court referring it back to the trial court to take further testimony on that subject?

"Mr. Ford. No; I have not."

The primary question presented upon this appeal and argued elaborately by respective counsel was the question as to whether or not both the trial court and this court

were bound and entitled to take judicial notice of the fact that the Masonic order, as a most ancient and practically world-wide organization or group of organizations, was, as to the main and essential objects of its existence, a charitable institution, and was also bound and entitled to take judicial notice of the fact that the two particular lodges of Masonry named in the will of said testator and located one in Ohio and the other in Indiana were also, as a matter of judicial knowledge, to be held to be so essentially charitable as to the main objects and purposes of their organization as to bring them fairly within the terms of the exception to be found in the foregoing clause of the state constitution as to entitle them to be the recipients of the benefits in perpetuity provided for in the will of said testator. An investigation of the foregoing two phases of this inquiry has satisfied us that there is considerable conflict in the authorities to which we have been cited from other jurisdictions bearing upon both phases of said inquiry. We do not deem it necessary to pass upon the first of these phases thereof, for the reason that whatever conclusion we might arrive at respecting the essentially eleemosynary character of the institutions of Masonry as exemplified by the numerous lodges thereof which exist within the state of California, and are, therefore, within the range of the immediate jurisdiction of this court, and, hence, possibly the proper subject for the application of the principle of judicial notice, we would not be entitled to extend the domain of such judicial knowledge or notice to institutions or organizations which, though more or less intimately connected with the order of Masonry in general, are still in some degree independent in character and have their *locus* and sphere of operation in places beyond and distant from the immediate area to which the jurisdiction of this court extends. The question of what matters may be the proper subject of judicial notice or knowledge on the part of both original and appellate tribunals was made the subject of exhaustive consideration by this court in the case of *Varcoe* v. *Lee*, 180 Cal. 338 [181 Pac. 223], wherein the rule upon this subject, set forth in 15 R. C. L. 1057, was quoted with approval, wherein it was set forth in substance that, "While the power of judicial notice is to be exercised with caution, courts should take notice of whatever is or

ought to be generally known within the limits of their jurisdiction," and further, "that a matter to be within judicial cognizance must be known within the limits of the jurisdiction of the court." Applying this principle to the facts as presented upon this appeal, we have become satisfied that the question as to whether or not certain lodges which are independent as to the detail of their local organization, but which in a general way belong to one branch of a widespread order of Masonry, are or are not charitable as to the main objects and purposes of their organization and conduct, but which exist at places remote from the area over which this court exercises jurisdiction, is a question as to which this court cannot, as matter of law, assume to take judicial notice, but which are essentially matters of fact to be made the subject of judicial inquiry and of the proffer of appropriate proofs before the trial court.

This conclusion brings us to the inquiry as to what disposition should be made of the application of the appellants for permission to present such proof in this court and upon the hearing of this appeal. We have heretofore held that section 956a of the Code of Civil Procedure is not intended to have application to cases wherein the production of original evidence was sought to be permitted in this court and the purpose of the production of such evidence would be to lead us to a reversal of the cause upon appeal. Where, however, it sufficiently appears that the production of such evidence was from any cause prevented when the matter in question was still pending before the trial court for its proper determination, and where it further appears, as it does in this case from the colloquy quoted at an earlier stage in this opinion, that the respondents not only concede the propriety of permitting the introduction of such evidence before the proper tribunal, but also expressly waive all objection to the return of said cause to the trial court to the end that such evidence as the appellants seek to produce in this court may be there, if available, presented before the trial court, it would appear to be clear that in the interest of justice the judgment herein should be reversed, without cost to either party to this appeal, and that the cause should be remanded to the trial court, with instructions to reopen the same and to take such further proceedings therein as

are in conformity with the views expressed in this opinion. It is, therefore, so ordered.

Langdon, J., Curtis, J., Preston, J., Shenk, J., Waste, C. J., and Seawell, J., concurred.