[Civ. No. 8301. First Appellate District, Division One.—October 31, 1932.]

Z. J. KLEINSASSER et al., Appellants, v. W. M. Mc-NAMARA et al., Respondents.

Walter M. Gleason, H. A. Savage, Morgan J. Doyle, J. L. Royle, Henry W. Ballantine and Humphrey, Searls, Doyle & MacMillan for Appellants.

George W. Nilsson, Charles H. King and M. F. McCormick for Respondents.

THE COURT.—After the appeal in the above-entitled cause was placed on the calendar for oral argument, appellants filed an application under the authority of section 956a of the Code of Civil Procedure to take additional evidence.

The action was instituted in the Superior Court of Fresno County by appellants as stockholders of the Elberta Oil Company to enjoin the directors thereof from consummating a transaction whereby the properties of said company were about to be transferred to Delaney Petroleum Corporation; and the essential issues of fact upon which the action was heard and determined were whether, as appellants alleged in their complaint, the transaction was unfair to the Elberta Oil Company and was being consummated for the fraudulent purpose of furthering the private

interests of the directors thereof. The trial took place before the Honorable Charles R. Barnard, judge of said court, who found against appellants on all issues, and judgment in favor of respondents was entered accordingly. The main ground urged for reversal is that the evidence adduced at said trial was and is insufficient in law to support the findings. Other actions growing out of this same controversy and involving similar issues of fact were subsequently instituted by appellants or some of them in other counties, and have since been heard and determined therein. One of them, so the application herein alleges, entitled *Russell et al.* v. *Rougeot et al.*, was commenced in the Superior Court of the County of Kings, and was heard and determined by the Honorable Ernest Weyand, as judge thereof, who, it is claimed, reached certain conclusions on the controlling issues of fact contrary to those reached by Judge Barnard in the action heard and determined in Fresno County. In view of the foregoing situation appellants filed the present application for the purpose of having the determination of the appeal taken from the judgment entered in the Fresno case temporarily suspended and the trial of the cause reopened before this court so as to allow them to introduce and have considered as part of the record on said appeal a large portion of the evidence introduced by appellants on the same issues at the trial of the action before Judge Weyand in Kings County, most of which, appellants assert, relates to facts "uncovered by them" subsequent to the trial of the action in Fresno County or to facts occurring thereafter, appellants' contention being that, if received, such evidence would call for the making of new findings by this court contrary to those made by the trial court in Fresno County and confirming those made by the trial court in Kings County, and thus require not only a reversal of the judgment from which the present appeal was taken, but the entry of a directed judgment in favor of appellants.

 ■    Ever since the adoption in 1926 of section 4¾ of article VI of the Constitution and the enactment and adoption pursuant thereto of section 956a of the Code of Civil Procedure and rule XXXVIII of the Supreme Court and District Courts of Appeal, granting to courts of appellate jurisdiction the power to make findings in addition or contrary to those made by the trial court, repeated efforts have

been made by appealing parties, as here, to utilize the provisions of the above enactments for the purpose of obtaining in the reviewing court a retrial of the material issues of fact, and a reversal of the judgment of the trial court on additional evidence which was not introduced before the trial court; and just as frequently it has been held that said enactments were never intended to serve such purpose, and do not confer on reviewing courts any such trial court power. In so holding the Supreme Court, in the case of *Tupman* v. *Haberkern,* 208 Cal. 256 [280 Pac. 970, 974], said: ''Neither the constitutional amendment nor section 956a of the Code of Civil Procedure was intended to abrogate the general rule respecting the powers of the trial court in its determination of questions of fact or the rule that the reviewing court is bound by the findings of the trial court if based upon substantial evidence. It is plain that in order to transform or convert appellate tribunals into triers of fact and thus require them to pass upon the credibility of witnesses and the weight and sufficiency of the evidence the intention so to do must be clearly disclosed. The respective provinces of the trial and reviewing courts are so distinct and well defined and of such long standing that in order so to do it must clearly appear that it was the purpose of the new law to uproot the old system and supplant it with a fact-finding appellate system. This we do not believe to have been the purpose of the changes in the law.'' Later cases holding to the same effect are *Isenberg* v. *Sherman,* 212 Cal. 454 [298 Pac. 1004, 299 Pac. 528], and *Davis* v. *Chipman,* 210 Cal. 609 [293 Pac. 40], wherein it is expressly declared that the addition of said section 956a to the Code of Civil Procedure in no way changed the long-standing fundamental rule that the reviewing court is bound by the findings of the trial court based on substantial evidence.

Moreover, it has been definitely held that in no case may the provisions of said section 956a be invoked where the purpose of the production of original evidence in the reviewing court is to bring about a reversal of the cause on appeal; but only in cases where the new evidence sought to be produced will lead to the rendition of such a judgment in the reviewing court as will affirm, or modify and affirm, the judgment of the trial court, thus terminating the litigation. (*Estate of Wirt,* 207 Cal. 106 [277 Pac. 118]; *Leal* v. *Leal,*

206 Cal. 513 [274 Pac. 965]; *First Nat. Bank* v. *Terry,* 103 Cal. App. 501 [285 Pac. 336]; *Monson* v. *Fischer,* 107 Cal. App. 55 [289 Pac. 899]; *Murphy* v. *Sheftel,* 119 Cal. App. 467 [6 Pac. (2d) 549].)

For the reasons stated the application is denied.