[Civ. No. 10782. Second Appellate District, Division Two.—January 28, 1936.]

ROSE B. REYBURN, Appellant, v. ADAH HUNT YOUNG et al., Respondents.

Barry Sullivan for Appellant.

H. E. Gleason for Respondents.

McCOMB, J., *pro tem.*—This is an appeal on the judgment roll alone from a judgment in favor of defendant after a trial before a court without a jury.

September 21, 1927, Joseph Stuart Reyburn and Rose B. Reyburn, husband and wife, entered into a property settlement, dividing their property and agreeing that they would not revoke reciprocal wills which they had executed on the

same date. Thereafter the parties were divorced and Joseph Stuart Reyburn married defendant, Edna Hunt Reyburn, and executed a new will, leaving all of his property to the said defendant and his son. He died March 7, 1932. Plaintiff brought this action for the purpose of having the terms of the property settlement with the deceased enforced.

The trial court found that the plaintiff had not performed all of the things to be done by her according to the terms of the property settlement.

█ This, being an action in equity to enforce an agreement to dispose of property in a particular way by last will and testament, is one which is referable to the subject of specific performance for the principles of law applicable. (*Rundell* v. *McDonald*, 62 Cal. App. 721, 728 [217 Pac. 1082].) It is well settled that, to entitle a party to specific performance, he must have (a) performed, (b) offered to have performed, or (c) proved a sufficient excuse for not performing, all the conditions required of him by the terms of the contract. (Civ. Code, sec. 3392; *Goodale* v. *West*, 5 Cal. 339; *Cates* v. *McNeil*, 169 Cal. 697, 707 [147 Pac. 944].)

Therefore, since the trial court found (and no attack is made upon the finding) that the plaintiff had not performed all of the things to be done by her, according to the terms of the property settlement agreement, she was not entitled to specific enforcement of the contract, and judgment properly was in favor of the defendant.

The judgment is affirmed.

Crail, P. J., and Wood, J., concurred.