[Civ. No. 6697. Third Dist. Jan. 25, 1943.]

GEORGE GRIMES et al., Appellants, v. W. W. STEELE et al., Respondents.

L. A. Whitcomb for Appellants.

Snyder & Snyder for Respondents.

PAULSEN, J. pro tem.—On June 21, 1933, appellants, as vendees, and respondents, as vendors, entered into an agreement for the purchase and sale of certain real estate. Appellants brought this action for specific performance of the agreement, and respondents filed a cross-complaint praying that their title be quieted. The court found that appellants were in default and had forfeited all rights under the contract before the bringing of this action. The judgment denied specific performance and quieted respondents' title to the property.

The agreement provided for a total purchase price of $643 payable in monthly installments with interest on deferred payments. It was further provided "that the said vendees shall be let into and have immediate possession of said prem-

ises; but that time is of the essence of this contract; and that if the said vendees shall fail to pay the said installments, or any of them when due, the said vendors shall be released from all obligation to convey said property; and, in such event vendees shall forfeit all right to said property and all payments theretofore made by them shall be forfeited to the said vendor; that acceptance of any of said installments after the date when same became due shall not be considered as a waiver of time of payment of future installments thereafter falling due. The said vendors, upon receiving payments at the time and in the manner hereinbefore specified, agree to execute and deliver . . . a good and sufficient deed . . . ''

Upon the execution of the agreement appellants entered into possession and made periodic payments up to and including the 21st day of July, 1936. Ten of these, made subsequent to April 21, 1934, were accepted by respondents long after they became due. The final payment was due January 21, 1937, but on October 24, 1937, and November 18, 1937, appellants mailed payments of $18 and $20, respectively, to respondents. These were refused and respondents instructed their attorney to notify appellants that the agreement was terminated. Apparently this notice was not given. Appellants do not claim to have made other direct payments but assert that the purchase price was paid in full by other methods.

It is the contention of respondents that they recovered possession of the premises on October 22, 1937, but appellants insist that they rented the property to one Boering on October 27, 1937, received at least a part of the rent from him and had at all times kept furniture in the house and retained control of one room for their own use. They assert further that in January, 1938, the attorney who then represented them ordered Boering to pay the rent to Mr. Snyder, respondents' attorney, for application to the balance due on the purchase price and that four payments were received by respondents in that manner.

It further appears that on August 5, 1938, a portion of the land was sold to the state for highway purposes and respondents received $150 from that sale.

It is obvious that a substantial part of the purchase price was not paid.

Respondents were not required to accept the small payments mailed to them in October and November, 1937, although at that time appellants could have tendered the full

amount due and demanded a deed. The contract expressly provided that "acceptance of any of said installments after the date when same became due shall not be considered as a waiver of time of payment of future installments thereafter falling due." When the last of the overdue payments was accepted in July, 1936, the effect of the acceptance was exhausted on the payments so received and the contract continued to operate with unimpaired force as to subsequent installments as they became due. (*Boone* v. *Templeman,* 158 Cal. 290 [110 P. 947, 139 Am.St.Rep. 126].)

█ Appellants' own evidence refutes the suggestion that the money paid to Mr. Snyder was to be applied on the purchase price. Mrs. Grimes testified that her husband owed Mr. Snyder several hundred dollars for legal services and that she had ordered the rent paid on that account. While she had the right to apply the payments to either account at the time, she cannot claim that they were applied on the purchase price after having applied them to the personal account of respondents' attorney. It thus appears that so far as appellants' demand for specific performance is concerned, and aside from any other questions involved in the case, there is no evidence in the record to show that appellants had fully performed, offered to perform, or proved sufficient excuse for not performing all the conditions of the agreement. Under these circumstances they were not entitled to demand specific performance. (*Cates* v. *McNeil,* 169 Cal. 697 [147 P. 944]; *Reyburn* v. *Young,* 11 Cal.App.2d 476 [54 P.2d 87].)

Appellants insist that the court was in error in quieting respondents' title. They argue that the acceptance of the overdue payments constituted a waiver of strict performance and that when respondents took no action until long after the final payment had become due it was then incumbent upon them to tender a deed and demand performance before appellants could be placed in default. It is admitted that no tender of a deed was made. It does appear, however, that on December 2, 1937, appellants filed a petition under the Mortgage and Trust Deed Moratorium Act of 1937 (Statutes of 1937, chapter 167, Deering's Gen. Laws, 1937, Act 5101) asking for further time in which to make the payments then overdue and stating that they were "unable to pay the total amount due under said Contract of Sale." The petition was set for hearing on April 11, 1938, and was resisted by respondents on the ground that appellants were in default and their rights had terminated.

On March 30, 1938, appellants filed a motion for postponement of the hearing until October 1, 1938. This motion was denied and upon the hearing the proceeding was dismissed. Thereafter appellants moved for a new trial and this motion was undisposed of at the time of the trial of the present action.

It is well settled in this state that if a vendor allows the whole of the purchase price to become due the payment of the price and the tender of a deed then become dependent and concurrent conditions, and nonpayment alone does not put the vendee in default. The vendor must tender a deed as a condition to demanding payment of the price, and he cannot, without such tender, declare a forfeiture, or maintain a suit either for the whole price, or for an intermediate installment. (Kerr v. *Reed*, 187 Cal. 409 [202 P. 142]; *Lemle* v. *Barry*, 181 Cal. 6 [183 P. 148]; *Hoppin* v. *Munsey*, 185 Cal. 678 [198 P. 398]; *Boone* v. *Templeman*, *supra; Caspar Lumber Co.* v. *Stowell*, 37 Cal.App.2d 58 [98 P.2d 744]; *Ross* v. *McDougal*, 31 Cal. App.2d 114 [87 P.2d 709]; *Monnette* v. *Title Guar. & T. Co.*, 30 Cal.App.2d 428 [86 P.2d 848].) The same rule has been applied where the vendor seeks to quiet title. (*Sausalito Bay Land Co.* v. *Sausalito Imp. Co.*, 166 Cal. 302 [136 P. 57].)

But it is equally well settled that where the conduct or declarations of the vendee are such as to show that such tender would be unavailing, the tender is not necessary. (*Hoppin* v. *Munsey*, *supra; Sausalito Bay Land Co.* v. *Sausalito Imp. Co.* *supra; Vaughan* v. *Roberts*, 45 Cal.App.2d 246, 258 [113 P.2d 884].) Appellants had, almost from the beginning, been unable to make their payments on time. Nine months after the total amount became due they tendered two payments only. Later they filed a petition stating they were unable to pay in full. They then sought to have this hearing postponed for many months and after a dismissal moved for a new trial. They filed the present action without offering full payment, contending on the contrary that they had paid in full. It is obvious that a tender of a deed and demand for performance would have been unavailing and were therefore excused.

Because of the conclusions reached on these phases of the case it is unnecessary to discuss the other points raised.

The judgment is affirmed.

Thompson, J., and Adams, P. J., concurred.

A petition for a rehearing was denied February 23, 1943, and appellants' petition for a hearing by the Supreme Court was denied March 25, 1943.