[Civ. No. 14019. First Dist., Div. One. Nov. 28, 1949.]

THOMAS BASSETT et al., Appellants, v. MELVIN B. JOHNSON, Respondent.

Albert Waldstein and Edmund J. Holl for Appellants.

Francis N. Foley for Respondent.

PETERS, P. J.—Plaintiffs, Thomas and Myra Bassett, as the owners and sellers of a parcel of real property in San Mateo County, brought this action against Melvin B. Johnson as the buyer of the property, to recover $500 as liquidated damages for Johnson's alleged breach of the agreement. From a judgment in favor of Johnson the Bassetts appeal.

Johnson is a real estate broker and is a partner in the real estate firm of McGee and Johnson, engaged in business in San Carlos. The Bassetts own a piece of real property in San Carlos. Johnson telephoned to the Bassetts and asked for an exclusive listing of the property, which was refused by the Bassetts. Johnson thereupon agreed to buy, and the Bassetts agreed to sell, the property, to Johnson for $2,500. Johnson then prepared a written contract in the form of a

"Deposit Receipt," and this was signed by Johnson and the Bassetts on February 4, 1946. The agreement reads in part as follows:

"Received from Melvin B. Johnson . . . Five Hundred and No/100 Dollars as a deposit on account of purchase price of the following described property . . .

"The total purchase price is Twenty-Five Hundred and No/100 Dollars net and the balance of same is to be paid within 45 days from date hereof, as follows:

"All cash to seller.

"AND IT IS HEREBY AGREED: That in the event said purchaser shall fail to pay the balance of said purchase price or complete said purchase as herein provided, the amounts paid hereon shall, at the option of the seller, be retained as liquidated and agreed damages. . . .

"Time is the essence of this contract, but the time for any act required hereunder may for sufficient cause be extended not longer than thirty days by the undersigned real estate agent."

Johnson signed this agreement both as "Real Estate Agent" and as "Purchaser." He testified that he opened an escrow account with a designated title company, and had the title to the property searched, but that he never deposited the $500 with the title company, nor did he pay that sum to the Bassetts. He stated that he deposited $500 in McGee and Johnson's trustee account, but no corroborating evidence of this alleged transfer was introduced.

Both of the Bassetts testified that during the 45 days following February 4, 1946, they repeatedly requested Johnson to complete the transaction, and that on each such occasion Johnson promised to prepare a deed to the property and to deposit the money, but that he failed to do so.

Johnson denied that he had agreed to prepare the deed, his main defense being that he expected the Bassetts, as sellers, to prepare the deed and to deposit it with the title company. He claimed that, had such a deed been proffered, he was willing to complete the transaction.

Mr. and Mrs. Bassett, during the 45-day period, not only telephoned Johnson but went to the title company and asked if Johnson had deposited the $500 or proffered a deed, and were told that no such deposit or deed had been presented.

The Bassetts gave Johnson various verbal extensions on his contract, but on May 1, 1946, wrote to Johnson as follows:

"Dear Sir:

"The terms of the agreement signed by you on February 4, 1946 being for 45 days, and 75 days having elapsed at this date, I will be forced to consider the agreement terminated and your deposit forfeited if no action is taken within 5 days of date on this letter.

"Yours truly,
"Thomas Bassett"

Admittedly, Johnson received this letter, and admittedly, during the five-day period, he took no steps to deposit the $500 or to otherwise close the deal. His defense was that he was waiting for the Bassetts, as sellers, to proffer a deed.

Based on this evidence, the trial court found as follows: "That on May 1, 1946, Thomas Bassett, by letter, made demand on defendant and cross-complainant for the balance of the purchase price; that pursuant thereto and within the time provided in said demand, said Melvin B. Johnson tendered to said Thomas Bassett and Myra Bassett the balance of the purchase price and demanded from said Bassetts a deed to said property; that said Bassetts refused and still refuse to deliver a deed to said property in exchange for the balance of the purchase price; that during all of the time after the signing of the said agreement said Melvin B. Johnson was ready, willing and able to perform all of the terms and conditions of said agreement on his part to be performed." Based on this finding, judgment was entered in favor of Johnson, and the Bassetts appeal.

On the evidence properly introduced, and found in the record, there is no doubt at all that such judgment would normally be affirmed. The finding that the Bassetts, as sellers, were in default in failing to tender a deed is supported by the testimony of Johnson. ▉ The rule is well settled that where the sellers allow the entire amount called for by the contract to become due, the payment of the price and the tender of the deed become concurrent conditions, and the seller cannot put the buyers in default until the deed is tendered. (*Grimes* v. *Steele,* 56 Cal.App.2d 786, 790 [133 P.2d 874], and cases cited.) Normally, therefore, the judgment would be affirmed. ▉ But there is another matter that must be mentioned. In examining the contract of February 4, 1946, this court discovered that that contract had been sent through the mail

by Johnson to the Bassetts, and that there was attached thereto a letter of transmittal, that had never been introduced into evidence, and, in fact, had never been mentioned by anyone at the trial. How it got into the record on appeal is by no means clear. That letter is typed on the stationery of McGee and Johnson and reads as follows:

"February 4, 1946

"Mr. Thomas Bassett

"130 Cordova

"San Francisco 12, Calif.

"Dear Mr. Bassett:

"We are enclosing herewith our deposit receipts for your signature. Please return them to us as soon as possible.

"When this deal is ready to close, we will forward deed and escrow instructions to the title company for your signature.

"Yours very truly

"McGee & Johnson

"[Signed]   Melvin B. Johnson."

Here is written evidence, which if authentic, and had it been introduced, demonstrates that Johnson, at the inception of the transaction, promised to prepare the deed. Such evidence, if it had been introduced at the trial, and unless explained, would have demonstrated that the finding that the Bassetts were in default for failing to tender a deed was incorrect, and that Johnson's testimony that he had never promised to prepare the deed was false. Faced with this most unusual situation, at the oral argument, counsel were interrogated at length about this letter. At the conclusion of the oral argument, in the interests of justice, and acting pursuant to our constitutional (Const., art. VI, § 4¾) and statutory (Code Civ. Proc., § 956a) powers, we determined, on our own motion, to take additional evidence relating to the execution, and the circumstances surrounding the execution, of the letter in question. To this end we appointed the Honorable Edmund Scott, judge of the Superior Court of San Mateo County, and the judge who tried the case, as referee for this purpose. Thereafter, the referee took evidence and made the following finding: "Said letter, dated February 4, 1946, was mailed from the office of McGee & Johnson, on or about said date, and received in due course by the plaintiffs. Said letter was not signed by Melvin B. Johnson, but was typed and signed by

Carroll Baldwin, an employe of said Melvin B. Johnson; that said letter was not dictated by said Melvin B. Johnson but was composed by the said Carroll Baldwin, in accordance with similar letters used in the office of McGee & Baldwin [Johnson.] The said Johnson did not personally know the contents of said letter until the letter was shown to him at the hearing before the Referee.''

There has also been filed on this appeal a transcript of the evidence taken before the referee. From that record it appears that Johnson testified that there was no carbon copy of this letter in his files. Mrs. Baldwin testified that she always made carbon copies of all letters sent to customers and prospects, and was certain that she followed the customary procedure in reference to the Bassett letter. Johnson admitted giving Mrs. Baldwin the information from which the contract of February 4, 1946, was drafted, but denied dictating the letter of the same date. Mrs. Baldwin testified that the letter was the usual form letter sent by the office in such transactions. This court adopts, as the findings of the court, the above quoted finding of Judge Scott, and, in addition, finds that, pursuant to the usual custom, a carbon copy of the letter of transmittal was placed in the files by Mrs. Baldwin, and that she had at least ostensible authority to send the letter in question.

This determination of the factual issue is determinative of this appeal. Since it now appears that Johnson promised to prepare the deed, the Bassetts were not in default. Johnson was in default. This being so, the deposit may be forfeited. (*Schwerin Estate Realty Co.* v. *Slye,* 173 Cal. 170 [159 P. 420].) It should be mentioned that prior to the declaration of forfeiture, no tender of any kind was made by Johnson, and that Johnson has made no showing at all under section 3275 of the Civil Code.

We are well aware of the rule that, normally, additional evidence will be taken by an appellate court only for the purpose of affirmance and not for the purpose of a reversal. But that general rule is not without its exceptions. Where the additional evidence is so conclusive that it compels the direction of a judgment in favor of appellant, the additional evidence may be taken. (*Tupman* v. *Haberkern,* 208 Cal. 256 [280 P. 970].) In addition where, as here, the additional evidence is of such a nature that its effect on the appeal is decisive, such additional evidence, in the discretion of the court, can be and should be taken even though a judgment in favor of appellant is not directed. (*Estate of Culver,* 81 Cal.

App.2d 640, 645 [184 P.2d 738]; *Estate of Wirt*, 207 Cal. 106, 111 [277 P. 118].)

The judgment appealed from is reversed.

Ward, J., and Bray, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied January 26, 1950. Shenk, J., Carter, J., and Schauer, J., voted for a hearing.