Filed 6/30/15  Kennell v. Grillo CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

|  |  |
|---|---|
| KRISTINA MICHELLE KENNELL, | B258377 |
|  | (Los Angeles County |
| Plaintiff and Respondent, | Super. Ct. No. MS010364) |
| v. |  |
| LEO FRANCIS GRILLO, |  |
| Defendant and Appellant. |  |

APPEAL from an order of the Superior Court of Los Angeles County, Robert A. McSorely, Judge.  Affirmed.

Komanapalli Massey and Mark A. Massey for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Appellant Leo Francis Grillo seeks reversal of a three-year restraining order, issued after a hearing by the trial court at the request of respondent Kristina Michelle Kennell.[1]  With respect to the majority of the contentions of error raised in the brief, we find the record inadequate to permit us to resolve them.  With respect to the remaining claim that the court lacked statutory authority to issue the restraining order, we find no merit.  Accordingly, we affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 27, 2014, Kennell filed a request for a civil harassment restraining order in the Antelope Valley branch of the Los Angeles Superior Court, seeking protection from Grillo, whom she described as her landlord and former client.[2]  In her application, Kennell claimed Grillo was obsessed with her, that he owned multiple guns, one of which he carried at all times, and that he "showed off" a bullet hole in a wall on his property when she moved onto his property.[3]  Kennell said she was "scared, harassed, and fe[lt] threatened" due to Grillo's "escalated aggressive and violent behavior . . . ."  Specifically, she claimed he had threatened

---

[1]    Kennell did not appear or file a respondent's brief.  Under those circumstances, we independently examine the record on the basis of the appellant's brief and reverse only if error is found.  (See, e.g., *Carboni v. Arrospide* (1991) 2 Cal.App.4th 76, 80, fn. 2.)

[2]    The application was filed under Code of Civil Procedure section 527.6 (section 527.6), which provides that "a person who has suffered harassment as defined in subdivision (b) may seek a temporary restraining order and an injunction prohibiting harassment as provided in this section."  (§ 527.6, subd. (a).)  Subdivision (b) of section 527.6 defines harassment as "unlawful violence, a credible threat of violence, or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose."  (*Id*., subd. (b)(3).)  To be harassing, the conduct "must be such as would cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial emotional distress to the petitioner."  (*Ibid.*)

[3]    The application indicated this had occurred approximately seven months earlier.

to take her cats, had changed the locks on her residence with her property inside, and had watched while she retrieved her car and computer from her residence, causing her to feel "terrified" that he would physically hurt her.[4]

The court found "a credible threat of violence" and issued a temporary restraining order (TRO). The hearing to consider issuance of an injunction was set for July 18, 2014, 21 days after the application was filed.[5] The application form stated that the applicant must have his or her papers served on the subject of the restraining order at least five days before the hearing unless the court had ordered a shorter time for service.[6] On July 18, 2014, the court reissued the TRO and

---

[4] Kennell included as an exhibit an email she allegedly sent to Grillo accusing him of "hitting" on her or putting pressure on her to date him, giving her gifts, sending emails or calling her 10 times a day, saying things in emails and conversations that made her "uncomfortable physically," and being "angry, verbally abusive and threatening" to her and her pets when she was on a trip to New York. Kennell also attached copies of a series of text messages between her and Grillo exchanged over the course of a single day. The gist of the messages was that Kennell, who was in New York, had enlisted a friend to come onto Grillo's property to feed her cats. Grillo accused the friend of trespassing and indicated her car would be towed. Grillo stated that instead of the friend coming onto the property, he would take the cats and Kennell could get them back when she moved out. Kennell offered to have her friend take the cats. Grillo said the friend should contact him before she came, as he would stop any "trespassing." Kennell ended the conversation by accusing Grillo of "threatening me, my two cats, my friend and my property."

[5] A TRO granted under section 527.6 generally remains in effect for 21 days, at which time a hearing is held to determine whether to grant an injunction of longer duration. (§ 527.6, subds. (f), (g) & (j).) At the hearing, the court may grant the injunction if it finds by "clear and convincing evidence" that "unlawful harassment exists." (*Id*., subd. (i).)

[6] Section 527.6, subdivision (m) provides: "Upon the filing of a petition for an injunction under this section, the respondent shall be personally served with a copy of the petition, temporary restraining order, if any, and notice of hearing of the petition . . . at least five days before the hearing." Subdivision (m) further provides that the court "may for good cause, on motion of the petitioner or on its own motion, shorten the time for service on the respondent." In the original application, Kennell checked the box indicating she wished to give less than five days' notice, but there is no indication the court made such an order at that time.

3

scheduled a new hearing date -- August 8, 2014, another 21 days in the future. The court's order permitted Kennell to serve the order and notice of hearing in as little as two days before the hearing.

In the meantime, Grillo filed in downtown Los Angeles a request for a civil harassment restraining order seeking to prevent harassment by Kennell, whom he described as a "former houseguest." On August 4, 2014, after a hearing at which both parties testified, the court issued the requested restraining order, setting it to expire in one year, on August 4, 2015.[7]

During the August 4 hearing on Grillo's requested restraining order, Kennell served Grillo with her application for a restraining order and notice of hearing. The hearing on Kennell's requested restraining order took place four days later, on Friday, August 8, in a Lancaster courthouse. No court reporter was present. According to the minute order, Kennell represented herself, and two attorneys appeared on Grillo's behalf. There is no indication in the minute order that Grillo's attorneys specially appeared, objected to the hearing proceeding on shortened notice, or requested a continuance. After a hearing at which Kennell testified, the court granted her request, issuing a restraining order with a three-year duration. The order prohibits the restrained party, inter alia, from "own[ing], hav[ing], possess[ing], buy[ing] or try[ing] to buy, receiv[ing] or try[ing] to receive, or otherwise get[ting] guns, or other firearms, or ammunition," and requires a party who owns guns or other firearms to "sell" or "store [them] with a

---

[7]     Representing that these documents were introduced into evidence as exhibits at the hearing on Kennell's restraining order, Grillo requests that we take judicial notice of the restraining order and minute order issued by the court at the August 4 hearing. We grant the request for judicial notice.

licensed gun dealer" or "turn [them] in to a law enforcement agency" within 24 hours of being served with the order.[8]  Grillo appealed.

## DISCUSSION

A trial court's decisions are presumed correct, and an appellant's claim of error must be supported by a record sufficient to overcome that presumption.  (*Null v. City of Los Angeles* (1988) 206 Cal.App.3d 1528, 1532-1533.)  "[E]rrors not reflected in the trial record will not, and indeed cannot, sustain a reversal on appeal."  (*Yield Dynamics, Inc. v. TEA Systems Corp*. (2007) 154 Cal.App.4th 547, 557.)  An adequate record includes a reporter's transcript prepared at the appellant's expense if the appellant "intends to raise any issue that requires consideration of the oral proceedings in the superior court . . . ."  (Cal. Rules of Court, rule 8.120(b) and rule 8.130(b); see *Foust v. San Jose Const. Co., Inc*. (2011) 198 Cal.App.4th 181, 186.)  Where no reporter's transcript is available, an appellant may submit an agreed statement or a settled statement summarizing the bases on which the superior court decided the points to be raised on appeal. (*Foust*, *supra*, at p. 186; Cal. Rules of Court, rules 8.134 & 8.137.)  "'Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].'"  (*Foust*, *supra*, at p. 187, quoting *Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502.)[9]

---

[8]    According to Grillo's brief, the restraining order has never been served on him.

[9]    An agreed statement requires stipulation of the parties.  (Cal. Rules of Court, rule 8.134.)  Procuring a settled statement requires the appellant to file a motion in superior court and to submit a "condensed narrative of the oral proceedings that the appellant believes necessary for the appeal."  (*Id*., rule 8.137(a) & (b)(1).)  At the hearing, "the judge must settle the statement and fix the times within which the appellant must prepare, serve, and file it."  (*Id*., rule 8.137(c)(2).)  "If the respondent does not object to the
*(Fn. continued on next page.)*

5

Neither party made arrangements to have a reporter present at the August 4 hearing. As a result, there is no reporter's transcript. Nor did Grillo submit an agreed or settled statement. [10] Instead, he filed a motion pursuant to Code of Civil Procedure section 909 and rule 8.252 of the Rules of Court, asking that this court take evidence and accept as true his counsel's description of what transpired at the hearing.

Section 909 of the Code of Civil Procedure, which provides that an appellate court may "take additional evidence of or concerning facts occurring at any time prior to the decision of the appeal," is not designed to take the place of a reporter's transcript. "'Although appellate courts are authorized to make findings of fact on appeal by Code of Civil Procedure section 909 and [former] rule 23 of the California Rules of Court [now rule 8.252], the authority should be exercised sparingly. [Citations.] Absent exceptional circumstances, no such findings should be made.'" (*In re Zeth S*. (2003) 31 Cal.4th 396, 405, italics deleted.) Difficulty in obtaining a reporter's transcript does not present an exceptional circumstance. It is easily remedied by obtaining an agreed or settled statement. Moreover, "'[f]or this court to take new evidence pursuant to statute (§ 909) . . . , the evidence normally must enable the Court of Appeal to affirm the [order], not lead to a reversal.'" (*J.J. v. County of San Diego* (2014) 223 Cal.App.4th 1214, 1227, fn. 4; accord, *Monsan Homes, Inc. v. Pogrebneak* (1989) 210 Cal.App.3d 826, 830.) Grillo asks that we

---

prepared statement within five days after it is filed, it will be deemed properly prepared and the clerk must present it to the judge for certification." (*Id*., rule 8.137(c)(3).)

[10] Grillo contends the shortened time left him "unable to determine the need for a court reporter" and "no time or opportunity to retain one for the hearing in any event." He does not claim to have attempted to retain a court reporter. We note, moreover, that he did not retain one for the hearing on his own application for a restraining order. In any event, nothing prevented him from securing a settled statement. Grillo contends Kennell has been uncooperative and difficult to reach. Obtaining a settled statement does not require the cooperation of the opposing party.

6

take new evidence in order to reverse the judgment. Finally, to the extent Grillo relies on new facts to suggest that a three-year restraining order was unnecessary to protect Kennell, the statute permits the trial court to terminate or modify the restraining order prior to its expiration.[11] (§ 527.6, subd. (j)(1).) Accordingly, we deny the request to make additional factual findings, and resolve the contentions on appeal solely on the record properly presented.

In his first argument, Grillo contends the trial court deprived him of his statutory right to five days' notice prior to the hearing without good cause, and that doing so violated his right to due process because he had insufficient time to muster evidence to oppose Kennell's application. He claims this led to his being deprived of his right to bear arms without adequate notice and an opportunity to be heard. A party who claims inadequate notice, but appears at the hearing on the motion and contests it on the merits is deemed to have waived the issue unless he or she raises a specific objection and establishes prejudice. (*Arambula v. Union Carbide Corp.* (2005) 128 Cal.App.4th 333, 342-343; *Carlton v. Quint* (2000) 77 Cal.App.4th 690, 697-698; *Farrar v. McCormick* (1972) 25 Cal.App.3d 701, 705; see *Wilson v. Sunshine Meat & Liquor Co.* (1983) 34 Cal.3d 554, 561.) "The principal purpose of the requirement to file and serve a notice of motion a specified number of days before the hearing [citation] is to provide the opposing party adequate time to prepare an opposition." (*Arambula*, *supra*, 128 Cal.App.4th at p. 343.) "Courts applying the waiver rule generally have concluded that the party's appearance at the hearing and opposition on the merits showed that the notice 'served its purpose,' despite any defect [citations], and that any defect in the notice

---

[11] Grillo contends, for example, that Kennell has moved to New York, and that the parties are no longer in contact.

7

did not prejudice the party's preparation for the hearing and opportunity to be heard. [Citations.]" (*Ibid.*)

The record presented to us indicates that on August 8, 2014, prior to the Lancaster court's issuance of the restraining order, a hearing on the merits took place at which Kennell testified and Grillo was represented by counsel. The record reflects that Kennell provided notice to Grillo four days prior to the hearing, only one day short of the statutorily-mandated five days, in compliance with an order permitting her to serve notice on shortened time. Nothing in the record indicates that Grillo or his attorneys objected to the adequacy of the notice or requested a continuance. Grillo offers a declaration from his counsel in which counsel claims to have objected to the shortened time and to have requested a continuance based on Grillo's inability to appear at the hearing due to previously-scheduled out-of-town meetings. For the reasons discussed, we decline to take new evidence or rely on facts not found in the record. Accordingly, we must presume he waived any defect in notice.[12]

Grillo also contends that no substantial evidence supports the court's issuance of the three-year restraining order, and that the court erroneously relied on

---

[12] Even were we to accept as true counsel's claim that he objected to holding the hearing fewer than five days after receipt of notice and that he requested a continuance due to Grillo's absence, reversal of the trial court's order would not follow. Whether to shorten time or to grant a motion to continue is within the trial court's discretion, and we uphold the court's decision absent a showing of abuse. (*Robinson v. Woods* (2008) 168 Cal.App.4th 1258, 1261; *In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 823.) The trial court could reasonably have found unsatisfactory Grillo's excuse for his failure to appear. Moreover, Grillo's physical presence was unnecessary as his attorneys -- who four days earlier had appeared and represented him at a hearing presenting nearly identical issues -- could have presented his declaration and/or any necessary documentary evidence necessary to oppose the application. (See *Schraer v. Berkeley Property Owners' Assn.* (1989) 207 Cal.App.3d 719, 733, fn. 6 [at hearing on request for restraining order under Code of Civil Procedure section 527.6, "[b]oth sides may offer evidence by deposition, affidavit, or oral testimony"].)

8

documents that were produced at the last minute by Kennell but not provided to his counsel for review. Again, he raises contentions on appeal that require information missing from the record. "Where no reporter's transcript has been provided and no error is apparent on the face of the existing appellate record, the judgment must be *conclusively presumed correct* as to *all evidentiary matters*." (*Estate of Fain* (1999) 75 Cal.App.4th 973, 992.) "To put it another way, it is presumed that the unreported trial testimony would demonstrate the absence of error. [Citation.] The effect of this rule is that an appellant who attacks a judgment but supplies no reporter's transcript will be precluded from raising an argument as to the sufficiency of the evidence. [Citations.]" (*Ibid.*)

Grillo contends that the trial court erred because it did not specifically state it found "clear and convincing" evidence to support issuance of the restraining order. The statute requires the finding to be made by clear and convincing evidence. (§ 527.6, subd. (b)(i).) We presume the court applied the correct standard, absent "a record [that] affirmatively demonstrates error." (*Armando D. v. Superior Court* (1999) 71 Cal.App.4th 1011, 1025.) The record here demonstrates no such error.

Grillo raises one issue not requiring resort to facts absent from the record. He contends the court lacked statutory authority to reissue the TRO or reset the original July 18, 2014 hearing date because, as established by the clerk's transcript, Kennell filed no declaration explaining her failure to serve the first TRO and notice of hearing. He relies on section 527.6, subdivision (o) which provides: "The court may, upon the filing of a declaration by the petitioner that the respondent could not be served within the time required by statute, reissue an order previously issued and dissolved by the court for failure to serve the respondent. The reissued order shall remain in effect until the date set for the hearing." By its terms, this provision applies only to a second TRO issued after the first has been "dissolved

by the court for failure to serve . . . ." (*Ibid.*) There is no indication that this occurred. Moreover, the appeal does not challenge the second TRO, which expired on the date of the hearing, but challenges the three-year restraining order issued August 8. Nothing in this provision or any other part of the statute precluded the court from holding the noticed hearing or issuing a three-year restraining order at that time.

## DISPOSITION

The court's order is affirmed. The request for judicial notice is granted. The motion to take evidence pursuant to Code of Civil Procedure section 909 and rule 8.252 of the Rules of Court is denied. As Kennell made no appearance, no costs are awarded her.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

MANELLA, J.

We concur:

WILLHITE, Acting P. J.

COLLINS, J.

10