Filed 12/28/23  J.C. v. N.H. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| J.C.,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>N.H.,<br><br>Defendant and Appellant. | C094889<br><br>(Super. Ct. No. 21DV00768) |

The trial court granted J.C. a three-year domestic violence restraining order against N.H., a man she dated for about four months.  It dismissed N.H.'s requests for a restraining order against J.C. because N.H. left the trial before presenting evidence on the requests.

N.H. appeals and represents himself in this court.  To the extent his appellate contentions are not set forth under a separate heading or subheading, or are not supported by argument and citations to the record or authority, as required by the appellate rules of court, we do not consider them.  (Cal. Rules of Court, rule 8.204(a)(1)(B); *Opdyk v. California Horse Racing Bd.* (1995) 34 Cal.App.4th 1826, 1830, fn. 4; *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247 (*Nwosu*).)

1

It appears N.H. now contends (1) the trial court should have granted his request for a continuance; (2) the trial court erred in finding he was a stalker and in ordering him to participate in therapy; (3) with regard to a May 7, 2021 hearing, the trial court should have sanctioned J.C. for recording the hearing and being coached, and it should have ruled on his motion; (4) with regard to a July 6, 2021 hearing, the trial court should have sanctioned J.C. for her failure to appear, and it should not have continued the hearing; and (5) this court should make factual determinations pursuant to Code of Civil Procedure section 909.[1]

---

[1] N.H. filed a December 27, 2022 request for judicial notice, asking this Court to take judicial notice of exhibits O [asserting that no California superior court has ever denied a request for a restraining order in a Domestic Violence Prevention Act case where the parties are unrepresented, the defendant is a man, and the plaintiff is a woman]; P [asserting that no California appellate court has ever reversed a Domestic Violence Prevention Act order in a case where the parties are unrepresented, the defendant is a man, and the plaintiff is a woman]; Q [asserting that Judge John Winn failed to notify the parties of the results of a criminal history search, as required under Family Code section 6306, and that N.H. had domestic violence restraining orders issued in his favor in two cases in 2016]; and R [Code of Civil Procedure section 909]. There is no document attached to exhibit O. The documents attached to exhibits P and Q do not show the facts of which N.H. asks this Court to take notice.

N.H.'s request that we take judicial notice of Code of Civil Procedure section 909 is granted. (Evid. Code, § 451, subd. (a).) The request for judicial notice of exhibits O, P and Q is denied. N.H. does not show that the matters in exhibits O, P or Q are matters of which this court is required to take judicial notice under Evidence Code section 451 or 453, or are matters of which this court may take judicial notice under Evidence Code section 452. (Evid. Code, § 459.) To the extent N.H. seeks notice under Evidence Code section 452, subdivision (h), he does not provide information sufficient to show that the facts of which he seeks judicial notice are not reasonably subject to dispute and are capable of immediate and accurate determination by resort to sources of reasonably indisputable accuracy. (§ 452, subd. (h); *Duronslet v. Kamps* (2012) 203 Cal.App.4th 717, 737.) In addition, N.H. did not attach a copy of the matter to be noticed to his motion or explain why it was not practicable to do so. (Cal. Rules of Court, 8.252(a)(3).)

N.H.'s first four contentions fail because the appellate record is inadequate to permit meaningful review and/or N.H. does not support his assertions. As for his request that we make factual determinations, he does not establish that such determinations are warranted. Accordingly, we will affirm the trial court's order.

BACKGROUND

After dating for about four months, J.C. ended her relationship with N.H. J.C. subsequently filed a request for a domestic violence restraining order against N.H., and N.H. filed requests for a restraining order against J.C. The matters were tried together.

J.C. appeared in person at the trial. N.H. appeared by Zoom. The trial court did not credit N.H.'s assertion that he was too ill to proceed, and it denied his request to continue the trial. J.C. and N.H. testified. N.H. became upset during his testimony and left the trial before it concluded.

The trial court made the following findings: J.C. clearly indicated to N.H. that their relationship was over on December 12, 2020. Nevertheless, N.H. sent 50 gifts to J.C.'s house after December 12, 2020, and appeared at J.C.'s house unannounced on December 19, 2020. Law enforcement went to N.H.'s home on February 18, 2021, in response to a call from J.C. In addition, N.H. visited the graves of J.C.'s parents in Illinois and sent J.C. photographs of the graves, causing J.C. to be upset and scared and to file a request for a domestic violence restraining order. N.H. admitted virtually all of the allegations by J.C. at the trial. His defense was that J.C. did not clearly indicate that their relationship was over and N.H. wanted J.C. to tell him why she ended their relationship.

The trial court found J.C. credible. It determined that N.H.'s conduct constituted a disturbance of J.C.'s peace under Family Code section 6203, and stalking under Penal Code section 646.9. It granted J.C. a three-year restraining order and required N.H. to complete individual therapy. It dismissed N.H.'s requests for a restraining order against J.C. because N.H. left the trial before presenting evidence on the requests.

3

Additional background is set forth in the discussion as relevant to the contentions on appeal.

DISCUSSION

I

N.H. contends the trial court should have granted his request for a continuance. He says he was violently ill on the day of the trial.

It is a fundamental principle of appellate procedure that the trial court's order is presumed to be correct and the appellant must affirmatively demonstrate error on the basis of the record presented to the appellate court. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.) The appellant has the burden of providing an adequate record. (*Id.* at p. 609.) We will affirm the trial court's decision if the record is inadequate for meaningful review. (*Ibid.*) A proper record includes a reporter's transcript or a settled statement of the hearing leading to the challenged order. (*Elena S. v. Kroutik* (2016) 247 Cal.App.4th 570, 574.) A self-represented litigant is not excused from complying with these rules. (*Ibid.*; *Nwosu, supra,* 122 Cal.App.4th at pp. 1246-1247.)

N.H. says Judge Bunmi Awoniyi and Judge John Winn erroneously denied his requests for a "one week medically documented emergency continuance" of the trial. We review the denial of a motion for continuance for abuse of discretion. (*Reales Investment, LLC v. Johnson* (2020) 55 Cal.App.5th 463, 468.) We will not disturb the trial court's exercise of discretion when there is no record explaining the trial court's reasoning. (*Rhule v. WaveFront Technology, Inc.* (2017) 8 Cal.App.5th 1223, 1229 (*Rhule*); *Wagner v. Wagner* (2008) 162 Cal.App.4th 249, 259 (*Wagner*).) There is no reporter's transcript or settled statement of the proceedings before Judge Awoniyi and Judge Winn in the record on appeal. There is also nothing in the record supporting N.H.'s claim that he was too ill to proceed with the trial or that he had medical documentation of an illness. The lack of an adequate record precludes appellate review of N.H.'s claim.

4

## II

N.H. next argues the trial court erred in finding he was a stalker and in ordering him to participate in therapy.

The domestic violence restraining order the trial court issued on July 8, 2021, included an order that N.H. participate in "counseling to address domestic violence and interpersonal relationships with a focus on stalking behavior." The order does not state whether the counseling requirement was based on Family Code section 6343 as N.H. contends.[2] However, assuming the order is based on Family Code section 6343, an order to participate in a batterer's program under that statute is discretionary (Fam. Code, §§ 2047, 6343), and we will not disturb the trial court's exercise of discretion when there is no record explaining the trial court's reasoning. (*Rhule, supra*, 8 Cal.App.5th at p. 1229; *Wagner, supra*, 162 Cal.App.4th at p. 259.)

Here, there is no reporter's transcript or settled statement of the trial. The absence of such record also precludes us from addressing N.H.'s assertions that J.C. acted with unclean hands or that the trial court erroneously found that N.H. was a stalker. (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 185-188 [rejecting challenge to trial court findings where there was no reporter's transcript of the trial or any other statement of the evidence].)

N.H. suggests the trial court would not allow him to rejoin the trial by Zoom after N.H.'s phone battery died. But there is no support for the assertion in the appellate record. (*Oldenkott v. American Electric, Inc.* (1971) 14 Cal.App.3d 198, 207 (*Oldenkott*) [no support in the record].)

---

[2] The statutory provision N.H. quotes in his appellate brief is Family Code section 6343, not 6343.5.

## III

N.H. further argues that with regard to a May 7, 2021 hearing, the trial court should have sanctioned J.C. for recording the hearing and being coached, and it should have ruled on his motion.

A hearing on J.C.'s request for a restraining order against N.H. was held by Zoom before Commissioner Kimberly Parker on May 7, 2021. J.C. appeared by video. N.H. appeared by phone.

Commissioner Parker asked J.C. whether she was recording the proceeding with her phone. J.C. said no. When J.C. explained she had a process server on her phone, Commissioner Parker directed J.C. to give the process server instructions for connecting to the hearing by Zoom but, after N.H. said he accepted service of J.C.'s request for a restraining order, Commissioner Parker informed J.C. the court no longer needed to hear from the process server.

Commissioner Parker did not make a finding that J.C. was recording the hearing or that the process server or anyone else was coaching J.C., and N.H. did not raise any such concern at the hearing. Because the record does not support N.H.'s factual assertions that J.C. recorded the May 7, 2021 hearing or that someone was coaching J.C., N.H.'s contentions lack merit. (*Oldenkott, supra*, 14 Cal.App.3d at p. 207.)

N.H. also contends Commissioner Parker should have ruled on his motion "to quash Service of Process and subject matter jurisdiction and other items" on May 7, 2021, rather than continuing the hearing on the motion for two months. However, the reporter's transcript for the May 7, 2021 hearing does not show that the trial court continued the hearing on N.H.'s motion. N.H. stated at the May 7, 2021 hearing that his motion was set to be heard on June 15, 2021. His appellate brief states the motion was scheduled for May 13, 2021. We cannot determine, on this record, that the trial court should have ruled on N.H.'s motion on May 7, 2021. N.H.'s contention lacks merit.

6

## IV

N.H. also argues that with regard to a July 6, 2021 hearing, the trial court should have sanctioned J.C. for her failure to appear, and it should not have continued the hearing.

A hearing was held before Commissioner Parker on July 6, 2021. N.H. appeared at the hearing. J.C. did not make an appearance. There is no indication in the record that the trial court continued the hearing for two months, as N.H. asserts.

N.H. stated at the hearing that he believed the July 6 hearing had been set to address his motions. Commissioner Parker did not agree or disagree, however, and the record does not inform us of the purpose of the July 6 hearing. Nor does the record show whether J.C. received notice of the hearing as N.H. appears to allege. We reject N.H.'s contentions because he did not provide a record that permits meaningful review of his appellate claims.

## V

In addition, N.H. asks this court to make factual determinations pursuant to Code of Civil Procedure section 909. He wants us to independently review the requests for restraining orders that he and J.C. filed in the trial court and also the motions he filed in that court.

Code of Civil Procedure section 909 authorizes a reviewing court to make factual determinations contrary to or in addition to those made by the trial court in non-jury cases. Our courts have construed the statute as applicable only in exceptional circumstances. (*In re Zeth S.* (2003) 31 Cal.4th 396, 405; *Tyrone v. Kelley* (1973) 9 Cal.3d 1, 13.) As the California Supreme Court explained in *Tupman v. Haberkern* (1929) 208 Cal. 256, Code of Civil Procedure section 909 "was not intended to convert the appellate tribunals of this state into triers of fact . . . ." (*Tupman,* at pp. 269-270 [construing predecessor statute to Code of Civil Procedure section 909].) And it is

7

particularly rare to make such findings in support of a reversal. (*Tupman,* at p. 270; see *Monsan Homes, Inc. v. Pogrebneak* (1989) 210 Cal.App.3d 826, 830.)

N.H. does not establish that the exceptional circumstances for application of Code of Civil Procedure section 909 are present here. And he has not shown that if we were to make independent findings on appeal, a judgment would necessarily be entered in his favor. We decline to make independent findings in this case.

## DISPOSITION

The order of the trial court is affirmed.

_____/S/_____
MAURO, Acting P. J.

We concur:

_____/S/_____
RENNER, J.

_____/S/_____
WISEMAN, J.[*]

---

[*] Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.