[Civ. No. 19620. Second Dist., Div. One. Aug. 21, 1953.]

MILDRED STELLMAN, Appellant, v. EARL A. STELLMAN, Respondent.

Howard A. Levine for Appellant.

No appearance for Respondent.

WHITE, P. J.—This is an appeal by plaintiff from a judgment denying her an annulment of her marriage to defendant.

In the first cause of action of her complaint plaintiff alleged that she and defendant participated in a ceremony of marriage at Los Angeles, California, on September 10, 1949; that at the time of the said purported marriage defendant was the lawfully wedded husband of one Genevieve Reinhart, that said marriage between defendant and Genevieve Reinhart had not been dissolved or annuled, and was in full force and effect.

Defendant filed a general appearance, admitted service of the summons and complaint upon him, waived whatever rights he might have or thereafter acquire under the Soldiers' and Sailors' Civil Relief Act, waived time to answer, notice of trial, and consented that the action might be heard as a default matter. Following entry of defendant's default, the cause proceeded to trial.

Plaintiff testified that she participated in a marriage ceremony with defendant as aforesaid; that at the time of the purported marriage defendant gave his name on the marriage certificate as ''Earl W. Edelman,'' and that she did not know him by any other name at that time; that subsequently thereto, in August, 1950, she learned that defendant's true name was Earl Stellman, instead of Earl W. Edelman, which fact was admitted to her by defendant, who stated to her that the reason for the change was that the Army ''was looking for him.''

Plaintiff further testified that in May, 1951, defendant was ''picked up'' by the Army for desertion, and subseqeuntly tried and found guilty.

In April or May, 1952, plaintiff and defendant met in Los Angeles, at which time defendant stated to plaintiff that he wanted her to get an annulment because, as he stated, he ''wasn't divorced from his first wife, that he didn't want the Army to know, because if the Army knew, they would charge him with bigamy''; that he was married to a woman by the name of ''Genevieve,'' and that he had never been divorced from her.

Plaintiff offered in evidence the marriage license of Earl Stellman and Genevieve Reinhart on May 30, 1941, at New London, Missouri.

Plaintiff further testified that on May 26, 1952, an official of the Criminal Investigation Department of the United States Army visited her at her work and informed her that her husband was married to three different women and never received a divorce, and that the Army was going to prosecute Mr. Stellman for bigamy.

Further proceedings consisted of the admission into evidence of a certified copy of a Certificate of Marriage of Ormsby County, Nevada, showing a marriage of the defendant, Earl A. Stellman, and Nadine Frances Garrett on July 11, 1951, at Carson City, Nevada.

Plaintiff then offered into evidence defendant's notarized admission of undissolved prior marriages, dated September 5, 1952, which reads:

"To Whom It May Concern:

"At the time I contacted the marriage to Mildred Schiffner, I was of the opinion I had been divorced from Genevieve Stellman. Later, I found out that she did not take any legal action against me and to this date, I am still legally married to Genevieve Stellman.

(Signed) Earl A. Stellman."

Upon the conclusion of the trial, the court found that the allegations of plaintiff's first cause of action, that at the time of the purported marriage of plaintiff to defendant, the latter was the husband of Genevieve Reinhart; that said marriage had not been dissolved or annulled and was in full force and effect, were not true. Judgment was accordingly entered denying plaintiff an annulment of her marriage to defendant.

After the record on appeal was lodged in this court, appellant, pursuant to the provisions of rule 23(b), Rules on Appeal, filed an application for leave to produce additional evidence in the form of a certified copy of the decree of divorce entered in that certain action in the Circuit Court of Cook County, Illinois, in Chancery, entitled "Genevieve Stellman v. Earl A. Stellman," and which decree was entered December 19, 1952.

Appellant's application to take additional evidence was granted. The aforesaid document was admitted in evidence and added to the record on appeal. This evidence was not available at the trial of the action with which we are here concerned because at that time the aforesaid decree of divorce of the Illinois court had not been secured.

█ We deem it unnecessary to discuss the sufficiency of the evidence adduced at the trial of the case at bar nor the inferences reasonably deducible therefrom because it is manifest that the foregoing additional evidence produced in this court indicates conclusively that at the time of the purported marriage between plaintiff Mildred Stellman and defendant Earl A. Stellman on September 10, 1949, said defendant was then the husband of Genevieve Reinhart, whom he married on May 30, 1941, and that said marriage was not dissolved until December 19, 1952.

To the end that this cause may be finally disposed of by this appeal without a new trial, and in the interests of justice, pursuant to the provisions of section 956 (a) of the Code of Civil Procedure, this court makes the following findings (Finding II being contrary to that made by the trial court):

### I

That it is true that plaintiff and defendant, as contracting parties, participated in a ceremony of marriage at Los Angeles, California, on September 10, 1949, and ever since have been known as husband and wife; that there has been no other ceremony of marriage by or between them.

### II

That it is true that at the time of the said purported marriage, defendant was the husband of Genevieve Reinhart, also known as Genevieve Stellman, and that it is true that the marriage of said defendant and said Genevieve Reinhart had not been dissolved or annulled, and was in full force and effect.

The judgment is reversed and the cause remanded with directions to the court below to enter judgment annulling the marriage of plaintiff and defendant.

Doran, J., and Scott (Robert H.), J. pro tem., concurred.