MARGARET WILLIAMS, joined by her husband and next friend, GEORGE C. WILLIAMS, *Plaintiffs in Error*, vs. JOSEPHINE C. YELVINGTON, a free dealer, and L. L. YELVINGTON, her husband, *Defendants in Error*.

137 So. 156.

En Banc.

Opinion filed October 16, 1931.

*Burdine, Terry & Fleming,* for Plaintiffs in Error;
*Paul C. Taylor,* for Defendants in Error.

DAVIS, Commissioner:—The defendant in error, Josephine C. Yelvington, with her husband, was sued at law as free dealer. The cause came on for trial before a jury on January 14, 1931. The plaintiffs, plaintiffs in error here, produced and offered in evidence the files in a chancery proceeding entitled, ''In re: Application of Josephine C. Yelvington to become a free dealer'', and it appeared therefrom that on January 25, 1921, a final decree was granted by the Circuit Judge authorizing the said Josephine C. Yelvington to become a free dealer and granting to her a free dealer's license. The affidavit of publication on file in said cause, made by the auditor of the newspaper in which the decree was published, showed that the decree was published five consecutive weeks beginning on January 2, 1921, and ending on February 2, 1921. The defendants moved the court to instruct the jury to return a verdict in their favor on the ground that the defendant, Josephine C. Yelvington, was not shown to have become a free dealer prior to the institution of the action and was not a free dealer at the time of the trial and that being a married woman, she was not legally liable upon the promissory note in suit and that a valid judgment could not be entered against her. Whereupon, the plaintiffs moved the court for a non-suit. The court directed a verdict in favor of the

defendant, Josephine C. Yelvington. On January 26, 1931, the plaintiff filed a petition for writ of error coram nobis which set up substantially the above facts and the further facts that the affidavit of publication was erroneous; that it should have shown that the decree was published for five consecutive insertions, beginning with February 2, 1921, and ending March 2, 1921; that in truth and in fact it was published for the period of time and on the dates last mentioned and that the said Josephine C. Yelvington, was a free dealer "from thence hitherto." The petition was supported by affidavits which were made a part thereof. In an affidavit made by one of the attorneys for the plaintiff in error, it was averred that "the said file had been examined and affiant had not noticed the final decree was shown to have been improperly published"; that on January 21, 1931, affiant ascertained for the first time that the said final decree was published properly and in accordance with the law.

Section 3221, Revised General Statutes of Florida, (Sec. 5027 Compiled General Laws, 1927) provides in such cases that the applicant

"after she shall have published a copy of the order or decree granting the license in the manner and for the time prescribed for publication of the notice of application, shall be authorized to take charge of and control her estate, to contract and be contracted with, to sue and be sued, and to bind herself in all respects as fully as if she were unmarried."

The only error assigned is that the court erred in denying the petition for the writ of error coram nobis. No question of pleading or procedure is raised by the defendants in error, but it is contended on their behalf that proper diligence was not shown by or on behalf of the plaintiff in error. Lamb v. State,, 91 Fla. 396, 107 So. 535, the court said:

"The function of a writ of error coram nobis is to bring the attention of the court to a specific fact or facts then

existing but not shown by the record and not known by the court or by the party or counsel at the trial, and being of such vital nature that if known to the court in time would have prevented the rendition and entry of the judgment assailed,''

and that writs of error coram nobis have been denied in civil cases ''where there is negligence of the party or counsel''.

Here, it would seem that if, prior to the trial of the case, a casual examination of the files in the *ex parte* proceeding had been made, it would have revealed to the attorney for the plaintiff that the decree had been published prior to the date when it was made by the court, which, if true, would have been in conflict with the statute.

The writ of coram nobis, ''is not a writ of right, but may be granted in the exercise of sound judicial descretion.'' Lamb vs. State. *Supra.*

The presumption is in favor of the proper exercise of the discretionary power of the court.

It is not shown by the record that the court abused its discretion in denying the application for the writ. The judgment is therefore affirmed.

PER CURIAM.—The record in this case having been considered by the court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929 (extra session), adopted by the court as its opinion, it is considered, ordered and adjudged by the court that the judgment of the court be, and the same is hereby, affirmed.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.