[Civ. No. 32329. First Dist., Div. Two. Feb. 7, 1974.]

LEON ROLLINS, Plaintiff and Appellant, v.
CITY AND COUNTY OF SAN FRANCISCO et al.,
Defendants and Respondents.

146

## COUNSEL

James J. Igoe for Plaintiff and Appellant.

Thomas M. O'Connor, City Attorney, John J. Taheny, Jr., Deputy City Attorney, Bledsoe, Smith, Cathcart, Johnson & Rogers and Joseph W. Rogers, Jr., for Defendants and Respondents.

## OPINION

**TAYLOR, P. J.**—This matter presents an unusual question and circumstances that warrant the treatment of a motion to augment the record as a petition for a writ of error *coram vobis*.

The facts are as follows: On April 10, 1972, Leon Rollins filed a timely notice of appeal from the judgment in his actions[1] for the wrongful death of his late wife, Rosie Rollins. Mrs. Rollins died after the birth of her seventh child, following induced labor and subsequent surgery at San Francisco General Hospital. The respondents are the City and County of San Francisco (City) and J. Osborne and G. P. Rodriguez, the attending physicians. After the jury returned defense verdicts, the trial court denied the motion for a new trial on the sole ground of insufficiency of the evidence. On October 16, 1973, pursuant to California Rules of Court, rules 5(f) and 12, Leon Rollins filed a motion to augment the record on his appeal. This motion was duly accompanied by the affidavit of Mr. Rollins' attorney, James Igoe, and supporting documents. During the pendency of the appeal in this court, on September 26, 1973, after losing certain files in a move of his office, Mr. Igoe obtained from the attorney for one of the respondent doctors a copy of Mrs. Rollins' hospital records that contained, for the first time,[2] a one-page addendum to the autopsy. The addendum provides expert support for the theories of liability advanced by Mr. Rollins' counsel below but apparently rejected by the jury in the absence of any supporting expert evidence, namely, that the causes of Mrs. Rollins' death included the physicians' erroneous or negligent decision to administer the labor-inducing hormone (instead of performing a Caesarean section), delay in instituting hysterectomy, due to the physical separation of the delivery area and the operating room, delay in acquiring adequate blood, etc. Needless to say, since facts set forth in the autopsy addendum significantly contradict the testimony of the defense experts, the significance and materiality of the autopsy addendum cannot be questioned. Furthermore, Mr. Rollins has established equitable grounds for relief as he has shown a satisfactory excuse for not having discovered the autopsy addendum prior to the entry of the judgment and diligence in seeking recovery.

As the autopsy addendum was not before the court below at the time of

---

[1] The actions were filed by Leon Rollins in his individual capacity and as guardian ad litem of the minor children.

[2] The affidavit was accompanied by a declaration of the clerk of the superior court where the matter was tried indicating that the medical records relating to Rosie Rollins, sought and obtained by Mr. Rollins' trial counsel, did not contain the addendum to the autopsy that is the subject of the motion to augment the record on appeal.

its ruling, it is not the proper subject of a motion to augment. Although documentary in nature and in existence at the time of trial, the autopsy addendum is likewise not the proper subject of a motion to produce additional evidence. ■ The power of this court to take additional evidence and make findings pursuant to California Rules of Court, rule 23(b), and Code of Civil Procedure section 909, is limited to questions of law (6 Witkin, Cal. Procedure (2d ed. 1971) § 567, p. 4504), and usually exercised very rarely to affirm a judgment or reverse with directions (*Estate of Schluttig,* 36 Cal.2d 416 [224 P.2d 695]). In *Estate of Schluttig, supra,* our Supreme Court expressly disapproved *Estate of Culver,* 81 Cal.App.2d 640 [184 P.2d 738], a 1947 decision of this court analogous to the instant situation. In *Culver,* vital documentary evidence in possession of respondent was not discovered by the appellant until five months after the appeal was taken. As here, the evidence would have been sufficient to justify the granting of a new trial for newly discovered evidence, except that the motion did not lie in the particular probate proceeding and the time had elapsed. This court granted the motion to augment the record on appeal with the newly discovered documents, partially reversed the order that was the subject of the appeal, and remanded the matter to the superior court to rehear the matter and reweigh the evidence, including the newly discovered documents that gave support to the appellant's contentions concerning the validity of certain promissory notes. No petition for a hearing was filed. *Estate of Schluttig, supra,* 36 Cal.2d 416, disapproved *Estate of Wirt,* 207 Cal. 106, 111 [277 P. 118], that was the basis of the interpretation of Code of Civil Procedure section 956a (now § 909) made by this court in *Culver.* The Supreme Court held at page 423: "No sound reason appears to explain why the evidence presented by the attorney general in the present proceeding '. . . was not produced or offered in the superior court.' (Rules on Appeal, rule 23b.) Considered most favorably, it is merely cumulative of conflicting evidence adduced at the trial, and it affords no basis '. . . for a reversal of the judgment with directions to the trial court to enter judgment for the appellant.' (*Tupman* v. *Haberkern, supra,* at p. 269.) The procedure authorized by section 956a of the Code of Civil Procedure is not a substitute for a motion for a new trial upon the basis of newly discovered evidence. Any implications to the contrary in *Estate of Culver, supra,* are expressly disapproved."

■ Although this court cannot grant the relief here requested pursuant to rule 23(b), the situation is highly unusual and clearly calls for relief in the interests of justice.[3] We are persuaded that since there is no problem

---

[3]If Mr. Rollins' only remedy at this time is a separate action against the City and the doctors on grounds of error, incompetence or bad faith in not complying with his timely subpoena at the time of trial, there would be the impossible burden of

of due diligence, the proper approach is a remand to the trial court to reconsider the motion for a new trial in the light of the newly discovered material evidence.[4]

While rarely so used in this state, the writ of error *coram nobis* is available following a judgment in a civil proceeding where the error to be corrected does not appear in the record and no other remedy is available (2 Witkin, Cal. Procedure (2d ed. 1970) Actions, § 22, p. 899). This court (division one) so held in *In re Dyer,* 85 Cal.App.2d 394, 399 [193 P.2d 69], decided in 1948 after *Culver* and before *Schluttig,* and never disapproved or overruled. *Dyer* held (at pp. 399-401) that while the writ of error *coram nobis* was the proper remedy in civil proceedings to correct an error of law based upon an issue of fact, the appellant in the particular case had not presented a proper case for relief as the trial court had considered and apparently disbelieved his affidavits that he was not the father of the child (born after his three-day marriage to a minor) whose support, following a divorce, was in issue. A similar conclusion was reached on grounds of lack of due diligence in *Page* v. *Insurance Co. of North America,* 3 Cal.App.3d 121 [83 Cal.Rptr. 44], where the appellate court reversed a lower court order granting to plaintiff a petition for writ of error *coram nobis* on grounds of newly discovered evidence, filed six months after the Supreme Court denied a petition for hearing on the original judgment of dismissal of the personal injury action for failure to state a cause of action.

As to the writ, this court in *Dyer,* stated at pages 400-401: "The writ of error *coram nobis* may be used following judgment in a civil proceeding. In *Phelan* v. *Tyler,* 64 Cal. 80, 82-83 [28 P. 114], it is said: ' ". . . and while the court ought to cease to exercise its jurisdiction over a party when he dies, its failure to do so is an error to be corrected on appeal if the fact of the death appears upon the record, or by writ of error *coram nobis* if the fact must be shown *aliunde.*" (Freeman on Judgments, 153.)' Hence a proceeding for writ of error *coram nobis* constitutes a novel means of attacking a judgment.

"In *King* v. *Superior Court,* 12 Cal.App.2d 501, 511 [56 P.2d 268], it is said: 'The usual and ordinary ways in which a judgment may be set aside by a court rendering it are: (1) by motion for new trial; (2) by motion made in due time under section 473 of the Code of Civil Procedure; (3) by motion

---

showing that the timely admission of the autopsy addendum would have resulted in a verdict in favor of Mr. Rollins and the minor children, against one or more of the defendants.

[4]As indicated above, the Supreme Court's disapproval of *Estate of Culver* was based on substantive and not procedural grounds.

at any time when the judgment is void on its face; (4) by suit in equity where the judgment is regular in form but void for extrinsic fraud or other proper causes.'

"The writ of error *coram nobis* should not be used if some other remedy is available. It could become a hindrance to the disposition of problems of merit were trifling and frivolous questions only presented. . . . 'All the cases point out that the scope of the writ is extremely narrow and that it is anything but a catch-all or omnibus remedy.' (See 97 Am.St.Rep., pp. 369-370; 49 C.J.S. 570; *Williams* v. *Yelvington,* 103 Fla. 145 [137 So. 156].) *Coram nobis* is not generally used to retry issues of a case previously determined (*People* v. *Reid, supra*), but is available merely to declare as false a fact previously decided to be true." Arguably, *Dyer* could be interpreted to require the innocence of both parties before the remedy is available but this would be manifestly unfair to Mr. Rollins here.

Accordingly, we have decided to treat the motion to augment the record as a petition for a writ of error *coram vobis*[5] and remand the matter to the court below for reconsideration of its order on grounds of the newly discovered autopsy addendum. Further authority for this disposition lies in our rarely exercised inherent discretionary powers in the interests of justice (cf. cases such as *Overholser* v. *Glynn,* 267 Cal.App.2d 800 [73 Cal.Rptr. 628], justifying reversal pursuant to the state Constitution, art. VI, § 13, where substantial rights have been affected and a different result would have been probable if the defect had not occurred), and Code of Civil Procedure section 43. The statute authorizes this court to "direct the proper judgment or order to be entered or . . . the further proceedings to be had." (Cf. *Pine* v. *French,* 83 Cal.App. 276 [256 P. 582].)

The writ of *coram vobis* is granted, the judgment is reversed, and the entire cause is remanded to the trial court with directions to proceed in accordance with the views expressed herein.

Kane, J., and Rouse, J., concurred.

---

[5]This is technically a correct designation for a writ of error *coram nobis* addressed to an appellate court (cf. 2 Witkin, Cal. Procedure (2d ed. 1970) Actions, § 22, p. 899; *People* v. *Welch,* 61 Cal.2d 786 [40 Cal.Rptr. 238, 394 P.2d 926]).