[No. H003675. Sixth Dist. May 18, 1989.]

MONSAN HOMES, INC., Plaintiff and Respondent, v.
DENNIS POGREBNEAK, Defendant and Appellant.

COUNSEL

James G. Luce, Peter W. Gumaer and Diemer, Schneider, Luce & Quillinan for Defendant and Appellant.

Susan Illston, Karen Karpen, Cotchett & Illston, Brian Finnegan and Finegan & Cling for Plaintiff and Respondent.

OPINION

BRAUER, Acting P. J.—The trial court entered appellant Dennis Pogrebneak's default and a default judgment against him in an action brought by respondent Monsan Homes, Inc. The underlying action prayed for declaratory relief and to quiet title and arose out of a contract by Pogrebneak to purchase a tract of land in Salinas from Monsan Homes for the price of $635,000. Pogrebneak brought a timely motion for relief from default under Code of Civil Procedure section 473 (hereafter section 473). The trial court denied the motion, finding the neglect of counsel in permitting the default to be inexcusable. In his written order, the trial judge expressly determined that counsel had not abandoned his client. This appeal followed.

## I. THE APPEAL

Only a short recitation of the underlying facts is necessary. Pogrebneak was represented in the quiet title action by attorney Melvin R. Steiner who

accepted service of the complaint on May 18, 1987. Steiner then served a demurrer and sent it to the court for filing, but the original papers were returned to him by the clerk as no first appearance filing fees had been enclosed. Default was entered on July 24, 1987, and judgment by default after hearing on July 30, 1987.

In support of his motion to set aside the default, Pogrebneak filed a declaration asserting that before the entry of the default he had relied entirely on his lawyer, upon learning of the default, he was assured by Steiner that setting it aside would be no problem and during the following months he sent eight increasingly urgent letters demanding action, all without response. Copies of the letters were attached to the declaration. While some other theories were advanced, Pogrebneak's main thrust obviously was that Steiner's conduct rose to the level denounced in *Daley* v. *County of Butte* (1964) 227 Cal.App.2d 380 [38 Cal.Rptr. 693], namely, an abandonment by the lawyer of his client which in effect destroyed the attorney-client relationship so that the lawyer's negligence should not be imputed to the client. But while the *Daley* doctrine is alive, the Supreme Court in *Carroll* v. *Abbott Laboratories, Inc.* (1982) 32 Cal.3d 892 [187 Cal.Rptr. 592, 654 P.2d 775] cautioned at page 900 that "[w]hen inexcusable neglect is condoned even tacitly by the courts, they themselves unwittingly become instruments undermining the orderly process of the law . . . . Given this concern, the *Daley* exception should be narrowly applied, lest negligent attorneys find that the simplest way to gain the twin goals of rescuing clients from defaults and themselves from malpractice liability, is to rise to even greater heights of incompetence and professional irresponsibility while, nonetheless, maintaining a beatific attorney-client relationship."

It hardly needs repeating that a motion for relief under section 473 is addressed to the sound discretion of the trial court and, in the absence of a clear showing of abuse thereof, the exercise of that discretion will not be disturbed on appeal. (*Martin* v. *Cook* (1977) 68 Cal.App.3d 799, 807 [137 Cal.Rptr. 434].) Given that yardstick, and heeding the Supreme Court's admonition, we have no hesitation in saying that the record on appeal presents no basis for reversal.

## II. THE MOTION TO TAKE NEW EVIDENCE

In addition to appealing, Pogrebneak filed a motion asking this court to take evidence and to make factual determinations contrary to those made by the trial court, as authorized by Code of Civil Procedure section 909. We ordered that the motion be considered with the appeal. It was buttressed by the declaration of attorney W. K. Stewart, the former partner of Mr. Steiner, which alleged that since January 1, 1986, Mr. Stewart had

been semiretired and had spent much time abroad leaving the management of the firm to Mr. Steiner. The declaration went on to state that since the section 473 motion was denied, the following facts have come to light: Mr. Steiner has pleaded guilty to felony counts of grand theft and perjury arising out of the misappropriation of a client's funds and been sent to prison for those offenses, that over a period of years, including the time here relevant, he had pursued a systematic course of abandoning practically all the clients of the firm by such conduct as diversion of their funds, letting the statute of limitations run, failing to file complaints, failing to serve defendants, failing to file tax returns, failing to file articles of incorporation, failing to file probate accounts, letting the firm's malpractice insurance lapse and similar acts of malfeasance. The allegations are not conclusory but detailed, specific and reflective of the affiant's own knowledge.

Even bearing in mind that Mr. Stewart is hardly a disinterested witness—Pogrebneak has sued the law firm for malpractice, and his damages would of course be significantly deflated by a reversal of this judgment—the tale which unfolds in his declaration might well have inclined the trial court to a different decision on the question of client abandonment had that information been before him.[1]

Nevertheless, this is not an appropriate case for invocation of section 909. The boundaries of that section were defined in *Tupman* v. *Haberkern* (1929) 208 Cal. 256 [280 P. 970], and the principles set forth in that decision have stood unchanged since then. (See discussion and authority cited in 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, §§ 649-663.) The basic teaching of the Supreme Court is that the statute did not affect the respective provinces of the trial and reviewing courts, nor change the established rule against appellate weighing of evidence. The power to invoke the statute should be exercised sparingly, ordinarily only in order to affirm the lower court decision and terminate the litigation, and in very rare cases where the record or new evidence compels a reversal with directions to enter judgment for the appellant (208 Cal. at p. 269). The procedure under Code of Civil Procedure section 909 is not a substitute for a motion for a new trial on the basis of newly discovered evidence. (See also *Estate of Schluttig* (1950) 36 Cal.2d 416, 422, 425 [224 P.2d 695]; *Kleinsasser* v. *McNamara* (1932) 127 Cal.App. 258, 261 [15 P.2d 788].) The reviewing courts are not equipped to undertake an appreciable amount of evidence taking on appeal. (*Crofoot Lumber, Inc.* v. *Lewis* (1962) 210 Cal.App.2d 678, 681 [27 Cal.Rptr. 443].)

---

[1]Respondent asserts that the motion under Code of Civil Procedure section 909 should be denied because client abandonment was itself abandoned as an issue on appeal. Not so. Appellant continues insisting on appeal that the negligence was excusable. Given the trial judge's finding and the substantial evidence rule, he cannot be faulted in not stressing client abandonment until the new evidence surfaced.

It is clear that even if Mr. Stewart's declaration is admissible under Evidence Code section 1101, subdivision (b) (see 1 Witkin, Cal. Evidence (3d ed. 1986) Circumstantial Evidence, § 385) or otherwise, it would simply strengthen the evidence pointing to client abandonment; it would not compel a finding that the negligence leading to the default was excusable, and therefore would not justify reversal with direction to enter an order setting aside the default judgment.

## III. CORAM VOBIS

■ After concluding that Code of Civil Procedure section 909 is not a vehicle here available for granting relief, we reminded ourselves of our overriding role as instruments of justice, and considered whether we should on our own initiative treat the application under section 909 as a petition for a writ of error *coram vobis* and direct the trial court to reconsider the section 473 motion even though appellant has not suggested such a gambit to us nor called our attention to *Rollins* v. *City and County of San Francisco* (1974) 37 Cal.App.3d 145 [112 Cal.Rptr. 168] which is similar to our case.

In *Rollins,* a jury returned a defense verdict in a medical malpractice action, a motion for new trial was denied and an appeal was taken. During its pendency, plaintiff's counsel obtained a medical record which for the first time provided expert support for the theory of liability advanced by plaintiff and rejected by the jury for want of such evidence. Counsel satisfied the court as to his diligence. After concluding, on the basis of the authorities cited in the prior section, that section 909 was not available, the court treated the application as a petition for a writ of error *coram vobis,* pointing out that such an extraordinary remedy should be invoked on those rare occasions when a party has none other and the interest of justice so dictates. The court accordingly remanded with direction to reconsider the motion for a new trial in the light of the newly discovered evidence.

But even if we viewed the newly discovered evidence as being as weighty as that in the *Rollins* case,[2] the extraordinary writ is not available to Pogrebneak because he does in fact have another remedy. Code of Civil Procedure section 1008, subdivision (b) provides for renewal of an earlier motion based on "new facts." That motion is not subject to the 10-day limitation governing applications under section 1008, subdivision (a). (*Graham* v. *Hansen* (1982) 128 Cal.App.3d 965, 970-971 [180 Cal.Rptr. 604].)

Because some statements in this opinion could be misconstrued as constituting law of the case in subsequent proceedings, we wish to make clear

---

[2] The court in *Los Angeles Airways, Inc.* v. *Hughes Tool Co.* (1979) 95 Cal.App.3d 1, 9 [156 Cal.Rptr. 805] held that even the *Rollins* facts did not justify the invocation of the *coram vobis* writ.

what we are *not* deciding: 1) We do not hold that a motion under Code of Civil Procedure section 1008, subdivision (b) must be granted if made. 2) We express no opinion on the admissibility in whole or in part of Mr. Stewart's declaration in support of such a motion. 3) We do not propose to interfere with the trial court's discretion as to the nature and scope of the evidence, if any, it will allow. 4) We most assuredly express no opinion as to how the trial court should rule on the merits of such a motion for reconsideration.

The judgment is affirmed. The motion under Code of Civil Procedure section 909 is denied.

Capaccioli, J., and Premo, J., concurred.