Filed 3/21/16  State Farm Mutual Automobile Ins. Co. v. Howerton CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

|  |  |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ERROL T. HOWERTON et al.,<br><br>    Defendants and Appellants. | C073993<br><br>(Super. Ct. No. 156150) |

California residents Errol T. Howerton and Diane McCracken (the insureds) claim they were injured as a result of a motor vehicle collision with an uninsured driver in Arkansas.  The insureds submitted a claim for uninsured motor vehicle coverage under the automobile liability insurance policy (the policy) that State Farm Mutual Automobile Insurance Company (State Farm) issued to them.  State Farm filed an action in Butte County for declaratory relief with regard to its duties and obligations to the insureds under the policy.  Concluding that California law applies and that the insureds' claim for uninsured motor vehicle coverage is barred under Insurance Code section 11580.2, subdivision (i),[1] the trial court granted State Farm summary judgment.

---

[1]  Undesignated statutory references are to the California Insurance Code.

1

The insureds now contend (1) Arkansas law applies to State Farm's declaratory relief action; (2) even if California law applies to the action, evidence that came to light after the trial court granted State Farm summary judgment shows that triable issues of fact exist as to whether estoppel, waiver, impossibility, impracticability, futility and tolling apply to save the insureds' insurance claim; (3) we should treat this appeal as a petition for a writ of error *coram vobis* and grant the insureds writ relief based on newly discovered evidence that State Farm sued the uninsured driver in Arkansas state court; and (4) the trial court erred in granting State Farm declaratory relief.

We conclude (1) California law applies to State Farm's declaratory relief action; (2) the claims for estoppel, waiver, impossibility, impracticability, futility and tolling are forfeited as not supported by analysis; (3) a writ of error *coram vobis* is not warranted because the insureds fail to demonstrate extrinsic fraud, due diligence, or the likelihood of a different result; and (4) the trial court did not err in granting declaratory relief.

We will affirm the judgment.

BACKGROUND

The insureds reside in Butte County, California. They were involved in an automobile collision while travelling in Baxter County in Arkansas on October 15, 2009. A vehicle driven by uninsured motorist Timothy McFarland struck a deer and then struck the vehicle in which the insureds were travelling. The insureds claimed they sustained physical injuries as a result of the collision.

The vehicle in which the insureds were travelling at the time of the collision was insured under an automobile liability insurance policy issued and maintained by State Farm, an Illinois corporation authorized to do business in California. The policy was issued and delivered to the insureds at their residence in California, and it included uninsured motor vehicle coverage. The insureds made a claim for uninsured motor vehicle coverage (UM claim) under the policy in connection with the October 15, 2009 collision.

State Farm filed a complaint for declaratory relief against the insureds in Butte County Superior Court more than two years after the date of the collision. The complaint sought a declaration that California law applies to the insureds' UM claim, and that California law bars the UM claim because the insureds did not comply with section 11580.2, subdivision (i), which provides that a cause of action under a policy does not accrue unless, within two years from the accident, the insured sues the uninsured motorist, reaches agreement on the amount due under the policy, or initiates arbitration.

The insureds subsequently filed suit in Baxter County, Arkansas, asserting a negligence cause of action against McFarland and a breach of contract cause of action against State Farm based on its failure to pay benefits under the uninsured motor vehicle coverage of the policy.

State Farm moved for summary judgment in the declaratory relief action. It argued there was a conflict between California and Arkansas law as to the statute of limitations or repose applicable to the insureds' UM claim. According to State Farm, California law should apply and, under California law, State Farm was entitled to summary judgment because the insureds did not comply with the mandates of section 11580.2, subdivision (i).

The insureds opposed State Farm's summary judgment motion, arguing that the trial court should apply Arkansas law because Arkansas was the state with the greatest interest in the matter. The insureds also asked the trial court to deny declaratory relief, contending such relief would defeat pending claims between the same parties in Arkansas.

The trial court granted State Farm summary judgment. The trial court determined that California law applied, the UM claim was barred because the insureds did not comply with the requirements of section 11580.2, subdivision (i), and State Farm had no duty to defend or indemnify the insureds under the policy with respect to the UM claim. Judgment was entered in favor of State Farm and against the insureds.

3

STANDARD OF REVIEW

Summary judgment provides courts with a mechanism to cut through the parties' pleadings in order to determine whether, despite their allegations, trial is in fact necessary to resolve their dispute. (Code Civ. Proc., former § 437c, subd. (f)(2), as added by Stats. 2011, ch. 419, § 4; *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 843 (*Aguilar*).) A plaintiff may move for summary judgment if it is contended that there is no defense to the action or proceeding. (Code Civ. Proc., former § 437c, subd. (a).) A plaintiff has met its burden of showing that there is no defense to a cause of action if it has proved each element of the cause of action entitling it to judgment on that cause of action. (*Id.* at subd. (p)(1).) Once the plaintiff has met that burden, the burden shifts to the defendant to show that a triable issue of material fact exists as to that cause of action or a defense thereto. (*Ibid.*) The defendant may not rely upon the mere allegations or denials of its pleadings to show that a triable issue of material fact exists but, instead, must set forth the specific facts showing that a triable issue of material fact exists. (*Ibid.*)

In ruling on the motion, the trial court views the evidence and inferences therefrom in the light most favorable to the opposing party. (*Aguilar, supra*, 25 Cal.4th at p. 843; *Saelzler v. Advanced Group 400* (2001) 25 Cal.4th 763, 768 (*Saelzler*).) If the trial court concludes the evidence or inferences raise a triable issue of material fact, it must deny the motion. (*Ibid.*) But the trial court must grant the motion if the papers show there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. (Code Civ. Proc., former § 437c, subd. (c).)

We review an order granting summary judgment de novo. (*Aguilar, supra*, 25 Cal.4th at p. 860.) We independently examine the record to determine whether a triable issue of material fact exists. (*Patterson v. Domino's Pizza, LLC* (2014) 60 Cal.4th 474, 499-500; *Saelzler, supra,* 25 Cal.4th at p. 767.) The trial court's stated reasons for granting summary judgment are not binding on us because we review its ruling, not its

4

rationale.  (*Coral Construction, Inc. v. City and County of San Francisco* (2010) 50 Cal.4th 315, 336.)

DISCUSSION

I

The insureds contend we must apply Arkansas law to State Farm's declaratory relief action because California has no interest in "gratuitously extending jurisdiction over a case for the purpose of exterminating the rights of its own citizen, in favor of a non-resident corporate insurer," whereas Arkansas has an interest in regulating the subject of the policy, i.e., the uninsured driver.

When, as here, Code of Civil Procedure section 361 does not require application of another jurisdiction's statute of limitations, we apply the so-called "governmental interest" analysis to decide the choice of law.  (*McCann v. Foster Wheeler LLC* (2010) 48 Cal.4th 68, 87 (*McCann*); see *Washington Mutual Bank v. Superior Court* (2001) 24 Cal.4th 906, 920 [stating that "governmental interest" analysis applies whether the dispute arises out of contract or tort].)  " 'In brief outline, the governmental interest approach generally involves three steps.  First, the court determines whether the relevant law of each of the potentially affected jurisdictions with regard to the particular issue in question is the same or different.  Second, if there is a difference, the court examines each jurisdiction's interest in the application of its own law under the circumstances of the particular case to determine whether a true conflict exists.  Third, if the court finds that there is a true conflict, it carefully evaluates and compares the nature and strength of the interest of each jurisdiction in the application of its own law "to determine which state's interest would be more impaired if its policy were subordinated to the policy of the other state" [citation], and then ultimately applies "the law of the state whose interest would be more impaired if its law were not applied." ' "  (*McCann, supra,* 48 Cal.4th at pp. 87-88.)

Applying the governmental interest analysis, we first consider whether the applicable laws in each jurisdiction are different.  Here, the insureds' UM claim would be

5

barred under California's uninsured motorist statute (§ 11580.2) because the insureds did not satisfy a statutory condition precedent to accrual of a UM cause of action. Section 11580.2, subdivision (i) provides, "(1) No cause of action shall accrue to the insured under any policy or endorsement provision issued pursuant to this section unless one of the following actions have been taken within two years from the date of the accident: [¶] (A) Suit for bodily injury has been filed against the uninsured motorist, in a court of competent jurisdiction. [¶] (B) Agreement as to the amount due under the policy has been concluded. [¶] (C) The insured has formally instituted arbitration proceedings by notifying the insurer in writing sent by certified mail, return receipt requested."[2] It is undisputed that the insureds did not file a lawsuit against McFarland, reach agreement with State Farm as to the amount due under the policy, or make a demand for formal arbitration within two years from the date of the accident.

Section 11580.2 sets forth a prerequisite for accrual of a UM cause of action against the insurer. (*Spear v. California State Automobile Assn.* (1992) 2 Cal.4th 1035, 1039, 1041.) The insured forfeits a UM claim against the insurer if he or she does not comply with the statutory mandates. (*Blankenship v. Allstate Ins. Co.* (2010) 186 Cal.App.4th 87, 94 (*Blankenship*).) Therefore, the insureds cannot maintain a UM claim against State Farm if California law applies.

A different result is reached if Arkansas law applies to the insureds' UM claim. Section 23-79-202 of the Arkansas Code provides: "(a) An action may be maintained in the courts of this state by an insured or any other person on his or her behalf to recover on

---

[2] Similarly, the policy provides that there is no right of action against State Farm under the uninsured motor vehicle coverage of the policy unless within two years from the date of the accident: (1) suit for bodily injury has been filed in the proper court against the uninsured motorist; (2) an agreement as to the amount due under the uninsured motor vehicle coverage has been made; or (3) the insured or his or her representative has formally started arbitration proceedings by making a written request to State Farm, sent by certified mail with return receipt requested.

any claim or loss arising under a policy of insurance on property or life against the insurer issuing the policy . . . at any time within the period prescribed by law for bringing actions on promises in writing.  [¶]  (b) Any stipulation or provision in the policy or contract requiring the action to be brought within any shorter time or be barred is void." Actions to enforce written obligations under Arkansas law must be commenced within five years after the cause of action accrues.  (Ark. Code, §§ 16-56-111, subd. (a), 23-79-202, subd. (a); *Shelter Mutual Ins. Co. v. Nash* (2004) 357 Ark. 581, 586 [184 S.W.3d 425, 427] [declaratory relief action regarding insurer's obligation under insurance policy is a breach of contract action, which is controlled by the five-year statute of limitations for breach of a written contract].)  Unlike section 11580.2, the Arkansas statutes governing uninsured motorist coverage do not set forth a condition precedent to the accrual of a UM cause of action.  (Ark. Code, §§ 23-89-401 to 23-89-405.)  Even assuming the date of the collision triggered the accrual of the insureds' breach of contract cause of action against State Farm, the insureds timely filed their breach of contract complaint against State Farm under Arkansas law.

Thus, under the first step of the governmental interest analysis, it is clear that the relevant laws in each jurisdiction are different.  But that fact, by itself, does not necessarily present a conflict of laws.  (*Hurtado v. Superior Court* (1974) 11 Cal.3d 574, 580.)  "The second step of the governmental interest analysis requires us to examine 'each jurisdiction's interest in the application of its own law under the circumstances of the particular case to determine whether a true conflict exists.' " (*McCann, supra*, 48 Cal.4th at p. 90.)

The purpose of section 11580.2 is to require the insured to take action that will protect the insurer's right of subrogation (*Quintano v. Mercury Casualty Co.* (1995)

7

11 Cal.4th 1049, 1060)[3] and to promptly notify the insurer of its potential exposure so as to encourage settlement of the claim (*Blankenship, supra*, 186 Cal.App.4th at p. 103).  It has also been said that section 11580.2, subdivision (i) is, in effect, a statute of limitations.  (*Freeman v. State Farm Mutual Automobile Ins. Co*. (1975) 14 Cal.3d 473, 484.)  A statute of limitations reflects the Legislature's balancing of the public policies in favor of resolving causes of action on the merits and of providing repose.  (*Norgart v. Upjohn Co*. (1999) 21 Cal.4th 383, 396.)  A statute of limitations serves to prevent stale claims, gives stability to transactions, protects settled expectations, promotes diligence, encourages the prompt enforcement of substantive law, and reduces the volume of litigation.  (*Stockton Citizens for Sensible Planning v. City of Stockton* (2010) 48 Cal.4th 481, 499.)  Although the overall purpose of section 11580.2 is remedial, "the Legislature intended to impose strict prerequisites and time limits for claims involving uninsured motorists . . . ."  (*Juarez v. 21st Century Ins. Co*. (2003) 105 Cal.App.4th 371, 377.)

Arkansas's statute of limitations similarly serves the purpose of " 'spar[ing] the courts from litigation of stale claims, and the citizen from being put to his defense after memories have faded, witnesses have died or disappeared, and evidence has been lost.' " (*Owen v. Wilson* (1976) 260 Ark. 21, 26 [537 S.W.2d 543, 545-546]; see *McEntire v. Malloy* (1986) 288 Ark. 582, 586 [707 S.W.2d 773, 776] [a statute of limitations

---

[3]  This court noted in *Blankenship, supra*, 186 Cal.App.4th at page 103, that the statute's purpose was no longer to protect the insurer's subrogation claim from being time barred because the Legislature amended section 11580.2 in 1963 so that an insurer may bring a subrogation action within three years after it actually pays the injured party. (*Blankenship, supra*, 186 Cal.App.4th at p. 104, fn. 7; see *Kortmeyer v. Cal. Ins. Guarantee Assn.* (1992) 9 Cal.App.4th 1285, 1295-1296 (conc. opn. of Johnson, J.) [stating that the insured's failure to comply with section 11580.2(i) does not prejudice the insurer's subrogation rights because the Legislature amended the subrogation provision of section 11580.2 to allow the insurer to bring an action against the uninsured motorist within three years from the date that payment was made to the insured].)

encourages the prompt filing of claims so a defendant is protected from having to defend an action in which the truth-finding process would be impaired by the passage of time].)

In this case, California is the forum state and the defendants are California residents. (Rest.2d Conf. of Laws, § 142, com. f, p. 125 ["subject to rare exceptions, the forum will dismiss a claim that is barred by its statute of limitations"].) Examining California and Arkansas's interests in the application of its own statute of limitations or repose to this case, we conclude no conflict exists. But even if we were to conclude that a conflict existed and we moved to the final step of the governmental interest analysis, we would conclude that California's interests would be more impaired if its law were not applied.

The present declaratory relief action arises from the contract between State Farm and the insureds. Where, as in this case, the parties do not designate the law governing their contract, the relevant contacts to be considered in a dispute involving a contract are those set forth in section 188, subdivision (2) of the Restatement Second of Conflict of Laws: (a) the place of contracting, (b) the place of negotiation of the contract, (c) the place of performance, (d) the location of the subject matter of the contract, and (e) the domicile, residence, nationality, place of incorporation and place of business of the parties. (*Stonewall Surplus Lines Ins. Co. v. Johnson Controls, Inc*. (1993) 14 Cal.App.4th 637, 646 (*Stonewall*); *Robert McMullan & Son, Inc. v. United States Fidelity & Guaranty Co*. (1980) 103 Cal.App.3d 198, 205.) In a case involving a contract of casualty insurance, we also consider the principal location of the insured risk during the term of the policy, unless with respect to the particular issue, some other state has a more significant relationship to the transaction and the parties. (*State Farm Mutual Automobile Ins. Co. v. Superior Court* (2003) 114 Cal.App.4th 434, 448 [the principal location of the insured risk in a case of an automobile liability policy is the place where the insured vehicle will be garaged during most of the insurance period]; *Stonewall, supra*, 14 Cal.pp.4th at p. 646; Rest.2d Conf. of Laws, § 193.)

9

California has a significant interest in the resolution of the issues in this matter. California is the place of contracting, State Farm was authorized to conduct business in California, and State Farm issued and delivered the policy to the insureds in California.

Significantly, California is the place where the insured vehicle was principally located. The place where the insured vehicle will be principally located " ' "has an intimate bearing upon the nature of the risk and the parties would naturally expect the local law of the state where the risk is to be principally located to apply. [Citations.]" ' " (*Stonewall, supra*, 14 Cal.App.4th at p. 646; see Rest.2d Conf. of Laws, § 193, com. c, p. 612; see also § 11580.2(a)(1) [California's uninsured motorist statute applies to motor vehicles principally used in California].) In fact, the policy states that the location where the insured's car is primarily garaged affects the premium and the insured must inform State Farm if any information regarding such location is incorrect, incomplete, or changes during the policy period. The uninsured motor vehicle coverage provision of the policy also references section 11580.2. The policy states that disputes between State Farm and the insureds about fault and the amount of coverage shall be decided by arbitration as provided by section 11580.2. Further, the policy contains language which mirrors the language of section 11580.2, subdivision (i).

Under these circumstances, the insureds and State Farm would reasonably expect California law to apply. (*Stonewall, supra*, 14 Cal.pp.4th at pp. 639-640, 648; *Cal. Casualty Indemnity Exchange v. Pettis* (1987) 193 Cal.App.3d 1597, 1610.) And California has a significant interest in the determination of issues arising under an insurance policy issued in this state by a business that sold uninsured motorist insurance to California residents for a vehicle principally located in California. (*McCann, supra*, 48 Cal.4th at pp. 97-98; *Stonewall, supra*, 14 Cal.App.4th at p. 646; Rest.2d Conf. of Laws, § 193, com. c, p. 612.)

In contrast, Arkansas's uninsured motorist statute (Ark. Code, § 23-89-403) does not apply to the policy because the policy was not issued or delivered in Arkansas, there

is no evidence the insured vehicle was registered in Arkansas, and the insureds resided and the insured vehicle was garaged in California.[4]

The trial court did not err in concluding that California law applies to this action and that the insureds' UM claim against State Farm is barred under section 11580.2, subdivision (i).

## II

The insureds next contend that even if California law applies to this action, evidence that came to light after the summary judgment was granted shows that issues of triable fact exist as to whether estoppel, waiver, impossibility, impracticability, futility and tolling apply to defeat the section 11580.2 bar.

We grant the insureds' motion for judicial notice filed in this court on February 25, 2014, for the purpose of evaluating the insureds' appellate claims. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).) Exhibit 1 of that motion is a copy of State Farm's complaint against McFarland in Baxter County, Arkansas, filed on September 26, 2012. The complaint is for subrogation and seeks to recover the amount of $17,957.13 from McFarland as the amount State Farm allegedly expended on behalf of the insureds, plus interest, attorney's fees, and costs of suit. Exhibit 2 of the motion is a copy of the May 9, 2013 consent judgment in State Farm's subrogation action. McFarland consented to a judgment of $17,957.13, plus $100 in attorney's fees and $192.26 in costs.

The insureds contend State Farm's subrogation action against McFarland and the consent judgment in that subrogation action preclude the use of section 11580.2 against

---

[4] We grant State Farm's unopposed motion for judicial notice filed in this court on April 18, 2014. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).) Exhibit 1 of State Farm's motion is a copy of the March 21, 2014 order granting State Farm's motion for summary judgment and denying the insureds' motion for partial summary adjudication in the insureds' breach of contract action against State Farm in Baxter County, Arkansas. Applying Arkansas choice of law rules, the Arkansas state court concluded that California law applied to the dispute between State Farm and the insureds.

the insureds. They assert, without analysis, that the doctrines of estoppel, waiver, impossibility, impracticability, futility, equitable estoppel, unconscionability, and tolling apply. Because their claim is not supported by legal analysis, it is forfeited. (Cal. Rules of Court, rule 8.204(a)(1)(B); *Okasaki v. City of Elk Grove* (2012) 203 Cal.App.4th 1043, 1045, fn. 1 (*Okasaki*); *Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 655 (*Keyes*) [the appellant must present legal authority on each point made and factual analysis].)

## III

The insureds next ask us to treat their appeal as a petition for a writ of error *coram vobis*, citing *Rollins v. City and County of San Francisco* (1974) 37 Cal.App.3d 145. The First District Court of Appeal in *Rollins* granted a petition for a writ of error *coram vobis* based on its "inherent discretionary powers in the interests of justice" and Code of Civil Procedure section 43, which authorizes courts of appeal to reverse any judgment appealed from and direct the proper judgment to be entered or to direct a new trial or further proceedings. (*Rollins, supra*, 37 Cal.App.3d at p. 150.) However, the Sixth District Court of Appeal in *Philippine Export & Foreign Loan Guarantee Corp. v. Chuidian* (1990) 218 Cal.App.3d 1058 (*Philippine Export*), and the Second District Court of Appeal in *Los Angeles Airways, Inc. v. Hughes Tool Co*. (1979) 95 Cal.App.3d 1 (*Los Angeles Airways*), rejected the reasoning of *Rollins*. (*Philippine Export, supra,* 218 Cal.App.3d at p. 1091; *Los Angeles Airways, supra,* 95 Cal.App.3d at pp. 9-10.) *Philippine Export* and *Los Angeles Airways* required a showing of extrinsic fraud for the issuance of a writ of error *coram vobis*. (*Philippine Export, supra,* 218 Cal.App.3d at p. 1091; *Los Angeles Airways, supra,* 95 Cal.App.3d at pp. 9-10.) Even if we were to apply the more lenient standard articulated in *Rollins*, the insureds would fail to establish that they are entitled to writ relief.

Here, the insureds argue they are entitled to a writ of error *coram vobis* because State Farm obtained summary judgment on the ground that Arkansas had no interest in State's Farm's declaratory relief action and that California law should apply to that

action, but after the deadline for filing a new trial motion had passed, the insureds discovered that State Farm had filed a subrogation action in Arkansas state court.

"An appellate court can issue a writ of error *coram vobis* directing the trial court to reconsider its decision based on new evidence discovered after its decision that would have been grounds for granting reconsideration or a new trial." (*In re Rachel M*. (2003) 113 Cal.App.4th 1289, 1295-1296.) But a writ of error *coram vobis* is a drastic remedy that will be issued only if certain requirements have been satisfied. (*Id.* at p. 1296; *Philippine Export, supra,* 218 Cal.App.3d at p. 1090; *Los Angeles Airways, supra,* 95 Cal.App.3d at p. 9.) Generally, it must be shown that the proffered new evidence was unavailable to the petitioner because of extrinsic fraud that prevented the petitioner from having a meaningful hearing on the issue in question. (*In re Rachel M*., *supra*, 113 Cal.App.4th at p. 1296*; Philippine Export, supra,* 218 Cal.App.3d at pp. 1090-1091; *Los Angeles Airways, supra,* 95 Cal.App.3d at p. 9.) It is not enough to show that a party deliberately concealed the proffered new evidence and that the new evidence is material to the case. (*Philippine Export, supra*, 218 Cal.App.3d at p. 1090.) In addition, the proffered new evidence must either compel or make probable a different result in the trial court. (*People v. Welch* (1964) 61 Cal.2d 786, 790; *In re Rachel M*., *supra*, 113 Cal.App.4th at p. 1296.) The petitioner must further show that the proffered new evidence was unknown to him or her and that he or she could not, in the exercise of due diligence, have discovered the new evidence at any time substantially earlier than the time of the request for the writ. (*Welch, supra*, 61 Cal.2d at pp. 790-791.)

The proffered new evidence in this case is State Farm's subrogation action against McFarland, filed in Baxter County, Arkansas, and the consent judgment in that subrogation action. Even if State Farm had deliberately concealed the proffered new evidence, such fraud would be intrinsic fraud and not extrinsic fraud. (*Philippine Export, supra*, 218 Cal.App.3d at p. 1091; *Los Angeles Airways, supra,* 95 Cal.App.3d at p. 8.)

13

Intrinsic fraud is not a ground to reopen the judgment. (*Philippine Export, supra*, 218 Cal.App.3d at p. 1091.)

In addition, the insureds fail to show that consideration of the proffered new evidence as part of the governmental interest analysis compels or makes probable a different result. It is not surprising that State Farm sued McFarland in Arkansas if, as the insureds alleged, McFarland was a resident of Arkansas. (2 Witkin, Cal. Proc. (5th ed. 2008) Jurisdiction, §§ 122, 127, 129, pp. 700, 706, 709-710.) However, choice of law involves an inquiry that is separate from that of personal jurisdiction. (*Keeton v. Hustler Magazine, Inc*. (1984) 465 U.S. 770, 778 [79 L.Ed.2d 790, 800]; *Vons Companies, Inc. v. Seabest Foods, Inc*. (1996) 14 Cal.4th 434, 477; *People v. Betts* (2005) 34 Cal.4th 1039, 1053, fn. 7.) The new evidence does not change the fact that California is the forum state for the declaratory relief action and the state of residency for the insureds. The new evidence also does not change the contacts identified in sections 188 and 193 of Restatement Second of Conflict of Laws. In addition, there is no indication that State Farm agreed to the application of Arkansas law to its subrogation cause of action or that the Arkansas state court decided whether Arkansas or California law applied to the subrogation complaint. The new evidence does not establish that Arkansas law applies to the declaratory relief action.

Finally, we do not know what efforts, if any, the insureds undertook to discover the new evidence and whether the insureds acted diligently in requesting a writ. Thus, the insureds fail to demonstrate that they are entitled to writ relief.

The insureds assert that the settlement of the subrogation action against McFarland will likely prevent the insureds from proceeding with their negligence action against McFarland. We will not address this assertion, however, because it is not supported by citation to authority or legal analysis. (*Okasaki, supra,* 203 Cal.App.4th at p. 1045, fn. 1; *Keyes, supra,* 189 Cal.App.4th at p. 655.)

IV

The insureds further argue that the trial court erred in granting State Farm declaratory relief. They assert that State Farm invoked the application of California law in this action, but it is a party to two lawsuits in Arkansas pertaining to the October 15, 2009 collision. The insureds contend the courts should not exercise jurisdiction in this case due to the complicated facts and risk of conflicting judgments.

We reject the insureds' claim for the reasons we have stated with regard to choice of law. Nothing before us shows conflicting judgments exist or are likely to exist. Like the trial court in this action, the Arkansas state court in the insureds' Baxter County action denied the insureds' motion for partial summary judgment and granted State Farm's motion for summary judgment, concluding that the Arkansas state court must apply California law to the dispute between State Farm and the insureds and that under California law, the insureds do not have a cause of action against State Farm.

DISPOSITION

The judgment is affirmed.


_____/S/_____
Mauro, J.



We concur:



_____/S/_____
Butz, Acting P. J.



_____/S/_____
Duarte, J.



15